ABELMAN, FRAYNE & SCHWAB
Lawrence E. Abelman (LA 6486)
Jeffrey A. Schwab (JS 9592)
Anthony A. Coppola (AC 3548)
150 East 42nd Street
New York, New York 10017
(212) 949-9022
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

————————————————————X

KOON CHUN HING KEE SOY &　　　:
SAUCE FACTORY, LTD., a company　:
organized under the laws of Hong Kong　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiff,　　:　　04 Civ. 2293 ( JG )
　　　　　　　　　　　　　　　　:
　　　-against-　　　　　　　　:　　**FIRST AMENDED COMPLAINT**
　　　　　　　　　　　　　　　　:　　**FOR TRADEMARK INFRINGEMENT,**
　　　　　　　　　　　　　　　　　　**TRADE DRESS INFRINGEMENT,**
STAR MARK MANAGEMENT, INC., a　:　**USE OF COUNTERFEIT MARKS,**
New York corporation;  GREAT MARK　:　**AND UNFAIR COMPETITION**
CORPORATION, a New York corporation; :
JIMMY ZHAN, an individual (a/k/a Yi Q.　:
Zhan; and JOHN DOES 1 through 10　:
　　　　　　　　　　　　　　　　:　　**JURY TRIAL DEMANDED**
　　　　　　　　　　Defendants.　:
————————————————————X

　　　　Plaintiff KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD., by and through its

undersigned counsel, for its first amended complaint alleges as follows:

### PARTIES

1.　　　　KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD. (hereinafter "KOON

CHUN" or "Plaintiffs") is a company organized under the Laws of Hong Kong.

2.　　Upon information and belief, Defendant Star Mark Management, Inc. (hereinafter "STAR

MARK"), is a New York corporation with its principal place of business at 1101 Metropolitan

Avenue, Brooklyn, New York.

3.     Upon information and belief, Defendant Great Mark Corporation (hereinafter "GREAT MARK"), is a New York corporation with its principal place of business at 1101 Metropolitan Avenue, Brooklyn, New York.

4.     Upon information and belief, Jimmy Zhan is an individual residing at 6769 166th Street, Fresh Meadows, New York.

5.     Upon information and belief, Jimmy Zhan is also know as Yi Q. Zhan.

6.     Upon information and belief, Jimmy Zhan is the co-owner and President of the corporate defendants, Star Mark and Great Mark.

7.     Upon information and belief, Defendants John Does 1 through 10 are unnamed individuals or entities who are engaged in the business of manufacturing, importing, distributing, offering for sale, and/or selling or causing to be manufactured, imported, distributed, offered for sale or sold, sauces which infringe KOON CHUN's federally registered trademark and reside and/or conduct business within this district. Upon infromation and belief, John Does 1 through 10 are directly and indirectly contributing to and/or inducing and engaging in the alleged manufacture, importation, distribution, offering for sale and/or sale of infringing products by or with the named defendants.

## JURISDICTION AND VENUE

8.     This is a civil action for trademark and trade dress infringement, unfair competition, and trade dress and trademark dilution arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.;* unfair competition brought under the laws of the State of New York; and violations of Sections 360-l of the New York General Business Law. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §1331, 1338 and 1367.

2

9.      Jurisdiction is proper in the United States District Court for the Eastern District of New York because the corporate Defendants are New York corporations.

10.     Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendants reside in this District and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## PLAINTIFF'S VALUABLE MARK

11.     KOON CHUN is a manufacturer and distributor of top quality products typical of the Cantonese tradition, such as sauces, seasonings, and vinegars. The excellence of KOON CHUN's products has been widely recognized in the United States among Chinese restaurants, Asian product grocers and consumers and has been reported favorably by the press, including in the *New York Times*.

12.     KOON CHUN owns incontestable U.S. Trademark Registration No. 1,410,790 for KOON CHUN SAUCE FACTORY and Design for Chinese cooking and seasoning sauces and vinegars and processed fruits and vegetables (hereinafter, the "KOON CHUN Trademark" or "Trademark"). A copy of the trademark registration information for the KOON CHUN Trademark from the United States Patent and Trademark Office is attached as Exhibit A.

13.     The distinctive label design, used across all of KOON CHUN's products, features a yellow background and blue trapezoidal-shaped boxes with white borders. A sample product label is shown below:

3



14.    As can be noted from the photograph above, the Plaintiff's KOON CHUN SAUCE FACTORY Trademark, is used on the label as it is on the label of all KOON CHUN products.

15.    The unique combination of colors and geometric shapes serves to readily distinguish for consumers Plaintiffs wide range of products from the goods of competitors. Plaintiff enjoys substantial goodwill in the label design owing to Plaintiffs lengthy and exclusive use of the label design together with the label design's inherently distinctive nature.

16.    Plaintiff has continuously used the distinctive KOON CHUN label design (hereinafter, "the KOON CHUN Trade Dress" or "Trade Dress") in commerce since 1928 and has exported products into the United States continuously during that time with the exception of an approximately five year period of time in the 1940's during the Second World War.

17.    During that time KOON CHUN and its exporters and distributors have engaged in widespread advertising and promotion of its products – all of which bear the KOON CHUN Trademark and Trade Dress.

4

18.     The products bearing the KOON CHUN Trademark and Trade Dress are manufactured in Hong Kong and sold to trading companies (exporters) who buy the products on behalf of distributors around the world.

19.     KOON CHUN produces more than twenty (20) types of products which all bear the KOON CHUN Trademark. A copy of the KOON CHUN catalog is annexed hereto as Exhibit B.

20.     The United States is one of the largest markets for the KOON CHUN products in the world with the products sold to distributors, food manufacturers, grocery stores, gourmet food stores, restaurants and consumers throughout the country.

21.     One of the products sold by Plaintiff which bears the KOON CHUN Trademark is "Hoisin Sauce." Hoisin sauce is a sweet and spicy soybean based sauce used in cooking and as a condiment for Chinese foods.

22.     KOON CHUN's Trade Dress and Trademark have become well known and identified in the minds of the trade and the purchasing public as identifying these products as the products of KOON CHUN. THE KOON CHUN Trade Dress and Trademark have come to indicate the source and quality of these products and to signify the association with KOON CHUN and have become important business assets of immense value.

23.     In September 2003, KOON CHUN employees discovered that counterfeit products bearing the KOON CHUN Trademark were being sold to restaurants and consumers in the United States.

24.     Interestingly, about this same time frame, KOON CHUN noticed a noticeable drop in its sales in the United States.

25.     To confirm its discovery, KOON CHUN requested that its California counsel retain the services of a private investigator to determine the source of the counterfeit goods.

26.     A private investigator was retained, who, after searching several potential leads, traveled to Defendants' warehouse, located at 1101 Metropolitan Avenue in Brooklyn, New York who upon he discovered and acquired counterfeit goods.

## DEFENDANTS' WRONGFUL ACTS

### Defendant Star Mark

27.     Upon information and belief Star Mark is a company having been incorporated under the laws of the State of New York in December 2000.

28.     The Defendant's corporate address was listed as 136-15 41st Street, Suite 56, Flushing, New York.

29.     However, upon information and belief, no entity by the name of Star Mark is currently located at that address.

30.     Upon information and belief, the Defendant is currently operating its business out of a warehouse located at 1101 Metropolitan Avenue in Brooklyn, New York.

31.     Upon information and belief, Defendant has previously and is presently promoting, offering for sale, and selling in this District and throughout New York and the United States, Chinese sauces and seasonings (the "Infringing Goods") through its Brooklyn, New York warehouse to individual consumers, grocery stores, gourmet food stores and restaurants.


### Defendant Great Mark

32.     Upon information and belief Great Mark is a company having been incorporated under the laws of the State of New York in January 2003.

33.   The Defendant's corporate address was listed as 67-49 166th Street, Fresh Meadows, New York.

34.   However, upon information and belief, no entity by the name of Great Mark is currently located at that address as the premises are a private house.

35.   Upon information and belief, the business telephone number for Defendant Great Mark is affiliated with an address of 1101 Metropolitan Avenue in Brooklyn, New York.

36.   Upon information and belief the Defendant Great Mark is currently operating its business out of a warehouse located at 1101 Metropolitan Avenue in Brooklyn, New York.

37.   Upon information and belief, Defendant Great Mark has previously and is presently promoting, offering for sale, and selling in this District and throughout New York and the United States, Chinese sauces and seasonings (the "Infringing Goods") through its Brooklyn, New York warehouse to individual consumers, grocery stores, gourmet food stores and restaurants

**Defendant Jimmy Zhan**

38.   Upon information and belief the Defendant Jimmy Zhan is the co-owner and President of both of the corporate defendants.

39.   Upon information and belief, Mr. Zhan, the President of the corporate defendants, has been the moving force behind the infringing activity of the corporate defendants and has willfully, actively and knowingly engaged in soliciting the manufacture and importation of counterfeit Koon Chun Hoisin sauce into this District and throughout New York and the United States.

40.   Upon information and belief, Mr. Zhan, the President of the corporate defendants, has been the moving force behind the infringing activity of the corporate defendants and has willfully, actively

and knowingly engaged in the offering for sale and sale of counterfeit Koon Chun Hoisin sauce into

this District and throughout New York and the United States.

**Defendants Star Mark and Great Mark**

41.     Upon information and belief, Defendants have previously and are presently  promoting,

offering for sale, and selling in this District and throughout New York and the United States, Chinese

sauces and seasonings (the "Infringing Goods") through its Brooklyn, New York warehouse to

individual consumers, other distributors, grocery stores, gourmet food stores and restaurants.

42.     On or about April 3, 2004 products which were believed to be counterfeit KOON CHUN

products were purchased from Defendants' warehouse.

43.     An invoice for the goods purchased at Defendants' warehouse is attached hereto as Exhibit

C.

44.     The invoice indicates that the products were sold by Star Mark  Management, Inc.

45.     The address on the invoice is 136-15 41st Avenue, #59, Flushing, NY 11355 – the same

address stated on defendant Star Mark's corporate records – thereby indicating that the entity Star

Mark operating out of 1101 Metropolitan Avenue and the entity Star Mark whose corporate address

is listing as being 136-15 41st Avenue, #59, Flushing, NY 11355 one and the same.

46.     An inspection of samples of the counterfeit goods purchased from Defendants' warehouse

confirmed that they were indeed counterfeit KOON CHUN products containing the identical KOON

CHUN label, using the same blue, yellow and white color scheme and geometric design as authentic

KOON CHUN products.

8

47.    In addition, the counterfeit products contained the exact same wording as the KOON CHUN

Trademark, specifically, "KOON CHUN SAUCE FACTORY."

48.    A review of the label design adopted by Defendants and used on the packaging of their

Chinese sauces and seasonings purchased from its warehouse is substantially identical to Plaintiff's

label (Trade Dress), with a yellow background and blue trapezoidal-shaped boxes with white borders

(the "Infringing Design"). An exemplar of the Infringing Design is shown below:



49.    Upon information and belief, Mr. Zhan has willfully and knowingly engaged in soliciting the

manufacture and importation of this counterfeit Koon Chun Hoisin sauce into this District and

throughout New York and the United States.

50.    Using the Infringing Design, Defendants offer for sale and sells identical goods, such as

Hoisin sauce, as Plaintiff offers for sale and sells under the KOON CHUN Trademark and Trade

Dress.

51. Defendants' Infringing Goods bearing the Infringing Design are offered in the same channels of trade as Plaintiff's goods bearing the KOON CHUN Trademark and Trade Dress.

52. KOON CHUN has not consented to Defendants' use of the Infringing Design, nor has KOON CHUN sponsored, endorsed or approved the goods or services offered or promoted by Defendants.

53. Defendants' unauthorized use of the Infringing Design is likely to cause confusion, to cause mistake, and to deceive an appreciable number of reasonably prudent customers and prospective customers into falsely believing that Defendants' goods are provided, sponsored or approved by KOON CHUN or that there is a connection or affiliation between KOON CHUN and Defendants.

54. Upon information and belief, Defendants deliberately employ a mark identical to Plaintiff's KOON CHUN Trademark and Trade Dress to mislead and confuse consumers into believing that Defendants' goods are provided, sponsored, or approved by KOON CHUN.

55. As a direct and proximate result of Defendants' conduct set forth above, KOON CHUN has been irreparably injured.

56. Defendants' conduct is continuing and will continue, constituting an ongoing threat to KOON CHUN and the public. Unless Defendants are restrained and enjoined from engaging in the wrongful conduct described herein, KOON CHUN will suffer irreparable injury. It would be difficult to ascertain the amount of compensation that could afford KOON CHUN adequate relief for the acts of Defendants, present and threatened, and KOON CHUN's remedy at law is not adequate in and of itself to compensate it for said harm and damage.

10

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF REGISTERED TRADEMARK
## UNDER FEDERAL LAW
## (15 U.S.C. § 1114)

57.    KOON CHUN incorporates by reference the allegations in paragraphs 1 through 56 above, as if set forth in full herein.

58.    Defendants' use of the Infringing Design, a mark identical and thus confusingly similar to KOON CHUN's Trademark, in a similar manner in connection with identical and highly related goods constitutes trademark infringement in violation of 15 U.S.C. § 1114(1).

59.    Without injunctive relief, KOON CHUN has no means by which to control the continuing injury to its reputation and goodwill. KOON CHUN has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate KOON CHUN if it loses the ability to control the use of its mark, reputation, and goodwill through the false and unauthorized use of its trademark. KOON CHUN is entitled to monetary damages and injunctive relief prohibiting Defendants from using the Infringing Design or any other logotype, trademark or designation which is likely to be confused with the KOON CHUN Trademark.

60.    Because Defendants' actions have been committed willfully and with intent to profit from Plaintiff's goodwill in the KOON CHUN Trademark, this is an exceptional case and KOON CHUN is entitled to recover Defendants' profits together with KOON CHUN's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
## USE OF COUNTERFEIT MARKS
## UNDER FEDERAL LAW
## (15 U.S.C. § 1116)

61.     KOON CHUN incorporates by reference the allegations in paragraphs 1 through 56 above, as if set forth in full herein.

62.     KOON CHUN is the owner of U. S. Trademark 1,410,790 for KOON CHUN SAUCE FACTORY and Design for Chinese cooking and seasoning sauces and vinegars and processed fruits and vegetables. The KOON CHUN Trademark is registered on the principal register in the United States Patent and Trademark Office.

63.     Upon information and belief, commencing at some time unknown to plaintiff KOON CHUN and continuing to the present, Defendants Star Mark, Great Mark and John Does 1 through 10 without Plaintiff's consent, has manufactured, had manufactured, advertised, offered for sale, and has engaged in the sale, resale and distribution of Infringing Goods bearing an Infringing Design that is identical with or substantially indistinguishable from the KOON CHUN Trademark.

64.     The labels of Defendants' Infringing Design bears a striking resemblance to and is a blatant and obvious imitation of the KOON CHUN Trademark featured on genuine KOON CHUN products.

65.     Defendants' use of the KOON CHUN Trademarks creates the immediate commercial impression that goods bearing such packaging are associated with and emanate from KOON CHUN. Defendants' sale of its Infringing Goods in the United States constitutes use of a counterfeit mark, and is intentionally designed to deceive and has deceived customers into believing that the Infringing Goods are genuine goods of KOON CHUN.

66.     The conduct of Defendants, as alleged in the foregoing paragraphs, constitutes use of a counterfeit in violation of 15 U.S.C. § 1116, which prohibits the use in commerce of a counterfeit

of a trademark that is registered on the principal register in the United States Patent and Trademark Office.

67.     As a direct and proximate result of the willful and wanton conduct of Defendants, Plaintiff has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by this Court from their illicit conduct.

## THIRD CLAIM FOR RELIEF
## INFRINGEMENT OF TRADE DRESS
## UNDER FEDERAL LAW
## (15 U.S.C. § 1125(a))

68.     KOON CHUN incorporates by reference the allegations in paragraphs 1 through 56 above, as if set forth in full herein.

69.     Upon information and belief, commencing at some time unknown to plaintiff KOON CHUN and continuing to the present, Defendants Star Mark, Great Mark and John Does 1 through 10 without Plaintiff's consent, has manufactured, had manufactured, advertised, offered for sale, and has engaged in the sale, resale and distribution of Infringing Goods bearing an Infringing Design, thereby infringing the KOON CHUN Trade Dress.

70.     The labels of Defendants' Infringing Design bears a striking resemblance to and is a blatant and obvious imitation of the KOON CHUN Trade Dress featured on genuine KOON CHUN products.

71.     The KOON CHUN Trade Dress and the Infringing Design of the Infringing Goods create the same general overall impression and have the same "look and feel." Upon information and belief, the similarities between the KOON CHUN Trade Dress and the Infringing Design of the Infringing Goods are not a mere coincidence.

13

72.     Defendants' Infringing Goods were designed to intentionally mimic the KOON CHUN Trade Dress in that the colors and designs of the package labels are substantially the same having identical wording, layouts, colors and positions.  This creates the immediate commercial impression that goods bearing such packaging are associated with and emanate from KOON CHUN.  Defendants' sale of its Infringing Goods in the United States constitutes a false designation of origin, and is intentionally designed to deceive and has deceived customers into believing that the Infringing Goods are genuine goods of KOON CHUN.

73.     Defendants have without permission, willfully, and with the intention of benefitting from the reputation and goodwill of plaintiff KOON CHUN, imitated the size, coloring, style, layout and design of the KOON CHUN Trade Dress.

74.     As a consequence, the Infringing Design on the Infringing Goods is likely to deceive and divert and has deceived and diverted customers away from the competing genuine KOON CHUN products.

75.     There is a very great likelihood of confusion to consumers between the KOON CHUN products and the Infringing Goods.

76.     The conduct of Defendants, as alleged in the foregoing paragraphs, constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), which prohibits the use in commerce in connection with the sale of goods of any word, term, name, symbol, or device, or any combination thereof which is likely to cause confusion, or to cause mistake, or to deceive as to the source of the good.

14

77.    As a direct and proximate result of the willful and wanton conduct of Defendants, Plaintiff

has been injured and will continue to suffer irreparable injury to its business and reputation unless

Defendants are restrained by this Court from infringing the KOON CHUN Trade Dress.

**FOURTH CLAIM FOR RELIEF**
**UNFAIR COMPETITION UNDER FEDERAL LAW**
**(15 U.S.C. § 1125(a))**

78.    KOON CHUN incorporates by reference the allegations in paragraphs 1 through 56, 57

through 60, 61 through 67 and 68 though 77 above, as if set forth in full herein.

79.    Defendants' use of the Infringing Design, a mark identical and thus confusingly similar to

KOON CHUN's Trade Dress and KOON CHUN Trademark, in a similar manner in connection with

identical and highly related goods comprises unfair competition of U.S.C. § 1 125(a).

80.    Without injunctive relief, KOON CHUN has no means by which to control the continuing

injury to its reputation and goodwill. KOON CHUN has been and will continue to be irreparably

harmed. No amount of money damages can adequately compensate KOON CHUN if it loses the

ability to control the use of its mark, reputation, and goodwill through the false and unauthorized use

of its trademark. KOON CHUN is entitled to monetary damages and injunctive relief prohibiting

Defendants from using the Infringing Design or any other logotype, trademark or designation which

is likely to be confused with the Label Design.

81.    Because Defendants' actions have been committed willfully and with intent to profit from

Plaintiffs goodwill in the Trade Dress and Trademark, this is an exceptional case and KOON CHIJN

is entitled to recover Defendants' profits together with KOON CHUN's damages, trebled, costs of

the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C.

§ 1125(a).

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF SECTION 360-l OF THE NEW YORK
## GENERAL BUSINESS LAW

82.   KOON CHUN incorporates by reference the allegations in paragraphs 1 through 46 above, as if set forth in full herein.

83.   The KOON CHUN Trademark and Trade Dress are distinctive and have acquired secondary meaning in the marketplace.

84.   The use of the KOON CHUN Trademark and Trade Dress and other conduct by Defendants as set forth above has reduced the selling power of the KOON CHUN Trademark and Trade Dress and diminished the ability of the KOON CHUN Trademark and Trade Dress to serve as a source of product identifiers.

85.   The use of the KOON CHUN Trademark and Trade Dress and other conduct by Defendants as set forth above has tarnished and reduced the reputation and standing of the KOON CHUN Trademark and Trade Dress in the eyes of consumers as identifiers of KOON CHUN's products.

86.   The conduct of Defendant violates Section 360-l of the New York General Business Law.

87.   As a direct and proximate result of the willful and wanton actions and conduct of the Defendants, KOON CHUN's business reputation and goodwill associated the KOON CHUN Trademark and Trade Dress have been tarnished and the favorable associations of the KOON CHUN Trademark and Trade Dress have been damaged.

88.   As a direct and proximate result of the willful and wanton actions and conduct of the Defendants, KOON CHUN has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendant is restrained by this Court from diluting the distinctive

16

quality and value of the KOON CHUN Trademark and Trade Dress, including the use of the KOON CHUN Trademark and Trade Dress, and by other wrongful acts as set out above.

89.     Defendants' business practices alleged above are unfair and offend public policy as they are unscrupulous, and substantially injurious to KOON CHUN and to consumers.

90.     Plaintiff has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER THE COMMON LAW

91.     KOON CHUN incorporates by reference the allegations in paragraphs 1 through 56, 57 through 60, 61 through 67, 68 though 77 and 78 through 90 as if set forth in full herein.

92.     Since 1986 KOON CHUN has used the federally registered trademark KOON CHUN SAUCE FACTORY and the distinctive labeling which constitutes KOON CHUN's Trade Dress in interstate commerce to identify its products and to distinguish them from others.

93.     The Defendants' Infringing Design is virtually identical to and, as such, is a deliberate copy of the KOON CHUN packaging. The Defendants' Infringing Design has the identical look and feel.

94.     The Defendants' Infringing Design was designed to copy and imitate the KOON CHUN Trademark and Trade Dress so that the packaging is virtually identical to the KOON CHUN packaging.    The mimicry creates the immediate commercial impression that the Defendants' products are associated with and emanate from KOON CHUN.

95.     Given the overall substantially similar appearance of the Defendants' Infringing Design and the KOON CHUN Trademark and Trade Dress, there is a great likelihood of consumer confusion between the Plaintiff's goods on the one hand, and the Defendants' goods on the other hand.

96.     Upon information and belief, the aforesaid use by Defendants of the Infringing Design on its goods is confusingly similar to the Plaintiff's KOON CHUN Trademark and Trade Dress and its other conduct as set out above was calculated to deceive or confuse the public and to profit unjustly from the goodwill of KOON CHUN in its Trade Dress and Trademark.

97.     Defendants have misappropriated the time, labor and talent of KOON CHUN through the sale and distribution of the Infringing Goods.

98.     Upon information and belief, Defendants' Infringing Goods are likely to divert and have diverted customers away from the competing genuine KOON CHUN goods.

99.     The above acts by Defendants constitute unfair competition and unfair business practices under New York common law.

100.    As a direct and proximate result of the willful and wanton acts and conduct of Defendants, KOON CHUN has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by the Court from unfairly competition with KOON CHUN.

**SEVENTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER THE COMMON LAW**

101.    KOON CHUN incorporates by reference the allegations in paragraphs 1 through 56, 57 through 60, and 61 through 67 above, as if set forth in full herein.

102.    Upon information and belief, commencing at some time unknown to Plaintiff and continuing to the present, Defendants without Plaintiff's consent, has advertised and distributed in commerce, offered for sale and/or sold the Infringing Goods bearing the Infringing Design, the KOON CHUN

Trademark, thereby infringing the common law rights in and to the KOON CHUN Trade Dress and

Trademark.

103.    The use of the trade dress and marks confusingly similar to Plaintiff's KOON CHUN Trade

Dress and Trademark by Defendants to identify Infringing Goods and the other conduct set out above

has been and continues to be an infringement of KOON CHUN's common law rights in and to the

KOON CHUN Trade Dress and Trademark, accorded Plaintiff by virtue of its prior use of the KOON

CHUN Trade Dress and Trademark.

104.    The conduct of Defendants as alleged herein constitutes common law trademark

infringement.

105.    As a direct and proximate result of the willful and wanton acts and conduct of Defendants,

KOON CHUN has been injured and will continue to suffer irreparable injury to its business and

reputation unless Defendants are restrained by the Court from using trade dress and marks

confusingly similar to the KOON CHUN Trade Dress and Trademark and from otherwise falsely

designating, representing and describing the Infringing Goods as those of KOON CHUN.


**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff KOON CHUN prays for judgment against Defendants as follows:

1.    That Defendants be enjoined during the pendency of this action, and permanently

thereafter, from using the Infringing Design or any other logotype, trademark or designation which

is likely to be confused with the KOON CHUN Trade Dress and Trademark;

2.    That Defendants be ordered to recall all infringing products sold and destroy all

unsold and recalled infringing products, packages, labels, advertising and promotional material, and

19

related items which use the Infringing Design or any other logotype, trademark or designation which is likely to be confused with the KOON CHUN Trade Dress and/or Trademark;

3. That Defendants be ordered to account to KOON CHUN for, and to pay to KOON CHUN, all of Defendants' profits and all amounts by which Defendants have been unjustly enriched from its acts and practices complained of herein, increased on grounds that this is an exceptional case and according to the circumstances of the case under Section 35(a) of the Lanham Act;

4. That Defendants be ordered to abandon any application for registration of the Infringing Design or any registration resulting therefrom;

5. Declaring that Defendants are without right or authority to threaten, complain of, challenge, maintain suit, or interfere in any manner with Plaintiff KOON CHUN's lawful use and right to claim ownership of the KOON CHUN Trade Dress and/or Trademark or any registration therefor;

6. That Defendants be ordered to pay KOON CHUN the actual damages suffered by KOON CHUN as a result of Defendants' wrongful acts in an amount to be determined at trial, trebled on grounds that this is an exceptional case under Section 35(a) of the Lanham Act;

7. That Defendants be ordered to pay KOON CHUN attorneys' fees and costs on grounds that this is an exceptional case under Section 35(a) of the Lanham Act.;

8. That Defendants be ordered to pay KOON CHUN prejudgment interest on any monetary award; and

20

9.    Such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff KOON CHUN hereby demands a trial of this

dispute by jury.

Dated: New York, New York                            Respectfully submitted,
      December 29, 2004

                                        ABELMAN FRAYNE & SCHWAB

                                        Lawrence E. Abelman (LA 6486)
                                        Jeffrey A. Schwab (JS 9592)
                                        Anthony A. Coppola (AC 3548)
                                        150 East 42nd Street
                                        New York, New York  10017
                                        (212) 949-9022

                                        Attorneys for Plaintiffs

21

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 29, 2004, I caused a true and complete copy of: *First Amended Complaint For Trademark Infringement, Trade Dress Infringement, Use of Counterfeit Marks, and Unfair Competition* to be delivered by Federal Express an overnight carrier upon:

Bing Li, Esq
Reppert Kelly LLC
1350 Broadway 11th Floor
New York, New York 10018
Attorney for Defendant

Date: December 29, 2004

Tom Donoghue