UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KOON CHUN HING KEE SOY & SAUCE
FACTORY, LTD., a company organized
under the laws of Hong Kong

                     Plaintiff,

         -against-                            04 Civ. 2293 (JFB)(SMG)

STAR MARK MANAGEMENT, INC., a
New York corporation; GREAT MARK
CORPORATION, a New York corporation;
JIMMY ZHAN, an individual (a/k/a Yi Q.
Zhan); and JOHN DOES 1 through 10

                     Defendants.
------------------------------------------------------------X

### DECLARATION OF WING MING TAM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Wing Ming Tam, declare and say

1. I am currently employed by plaintiff Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Koon Chun") in the position of Manager.

2. I have been employed with Koon Chun and its predecessor, Koon Chun Hing Kee, continuously since 1994 and was promoted to the position of Manager in 2004.

3. I am responsible for the accounting and administration function in Koon Chun and Koon Chun Hing Kee and I have been in that department since 1994.

4. On September 14, 2006 I received a fax copy of various documents from our counsel in New York for this matter.

5. I have reviewed and can confirm that the documents bearing numbers KC001 – KC015, KC0144 - KC0184, KC194 - KC205, KC207 - KC216, KC218 -KC219, KC221 - 228, and KC231, are true and correct copies of business records of Koon Chun maintained in the ordinary course of its business.

6. I have compared the foregoing documents with the original documents kept in the files of Koon Chun, and found the copies faxed to me were true and correct copies of the originals except for the numbering which does not appear on the originals.

7. I have reviewed documents having the number KC245 - 248 on them and noticed that certain information has been blacked-out so it is not readbale, the remaining non-blacked-out portions are true and correct copies of the business records of Koon Chun.

8. I confirm that the documents with numbers KC0016, KC0139, KC218-219 are true and correct copies of newspaper clippings kept in the business files of Koon Chun.

9. I confirm that the documents with numbers KC0017 – KC0018 are true and correct copies of Koon Chun's price list which was effective during the period of 2002 to 2004.

10. I confirm that the documents with numbers KC0021 – KC0026, KC0040-KC0045 are true and correct copies of Koon Chun's product brochure.

11. I confirm that the document with the number KC0143 on it is a true and correct copy of an expense summary table I prepared in or about October 2004, summarizing Koon Chun's 2002 Advertising Expense.

12. I reviewed the document number KC232 on it and noticed that certain information has been blacked-out so it is not legible, the remaining non-blacked-out

portion is a true and correct accounting of the labor cost of production of Koon Chun hoisin sauce which I produced at the beginning of 2005.

13. Some time in 2004 I produced a video CD showing the inkjet printing process on the top of cans of Koon Chun Hoisin sauce and the packaging process for placing cans of Koon Chun Hoisin sauce into cardboard boxes. I personally recorded the video in the Koon Chun factory.

14. I subsequently provided the video CD to Mr. Raymond Chan.

15. I confirm that Mr. Chu Man Tsui, the Manager responsible for the factory of Koon Chun, has free access to the files and the business records of Koon Chun

16. I confirm that Mr. Raymond Chan, the Regional Manager Americas for Koon Chun, has free access to the files and the business records of Koon Chun and can request that copies of any of the same be provided to him at any time.

17. I declare under penalty of perjury that the foregoing is true and correct.

September 15, 2006

Hong Kong

_____
WING MING TAM

3