UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
**Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,**

                **Plaintiff,**　　　　　　　**ORDER**
　　　　　　　　　　　　　　　　　　　　　　　　　**04-CV-2293 (JFB)**
       -against-

**Star Mark Management, Inc. et al,**

                **Defendants.**
-------------------------------------------------------------X
GOLD, S., U.S.M.J.:

      By letter motion dated September 25, 2006, Docket Entry 130, plaintiff seeks reconsideration of a ruling I made during a discovery conference held on September 8, 2006. The ruling at issue denied plaintiff's application that certain business records produced by defendants in discovery as "confidential - attorneys' eyes only" be reclassified as merely "confidential" so that they may be disclosed to plaintiff's principal. *See* Plaintiff's Letter Application dated September 7, 2006; Docket Entry 117. Defendants oppose reconsideration by letter dated September 29, 2006, Docket Entry 132, and plaintiff has submitted a reply dated October 2, 2006, Docket Entry 133.

      I considered each of the arguments raised by plaintiff in its motion for reconsideration before rendering my original ruling. The gist of plaintiff's argument is that an attorney's-eyes-only restriction is unnecessary because plaintiff and defendants are not competitors. However, as was explicitly discussed during the conference on September 8, plaintiff produced its own business information in discovery only pursuant to an attorney's-eyes-only designation, and insists its designation was properly made and should be maintained. Thus, plaintiff has acknowledged its concern that defendants could use its confidential business information to gain

an unfair competitive advantage. Plaintiff has failed to explain how the business interests of the parties could overlap in such a way that defendants' access to plaintiff's records would provide defendants with an unfair business advantage, but plaintiff's access to defendants' records would not. Indeed, the illogic of plaintiff's position is revealed in its own reply letter, which asserts that "plaintiff is not a competitor of defendants, while at the same time defendants are unfair competitors of plaintiff." Pl.'s Reply at 4. Whether defendants have unfairly or unlawfully competed with plaintiff will be determined, after discovery, by the outcome of this lawsuit. What plaintiff has essentially acknowledged at this stage, however, is that the commercial activities of the parties are closely enough related to support the "attorney's-eyes-only" designation of their respective confidential business records.

Plaintiff's other arguments are equally lacking in merit. Plaintiff contends that defendants at one time stipulated they would designate their business records as "confidential," and then unilaterally altered the designation prior to production. However, plaintiff surrendered no rights in reliance upon defendants' agreement to produce their business records as confidential, and has suffered no unfair prejudice by defendants' change in position. Had defendants moved to amend the stipulation before producing their business records to provide for attorney's-eyes-only confidentiality, I would have granted that relief. This prong of plaintiff's motion is therefore rejected.

Finally, plaintiff complains that defendants' records are in Chinese, and that it is difficult to identify an expert accountant who is fluent in Chinese. I note that plaintiff is manufacturer based in Hong Kong, and its therefore difficult to understand why it faces such great difficulty finding an accountant fluent in Chinese. In any event, plaintiff may hire an interpreter to assist

any non-fluent accountant it wishes to retain; on September 8, at the time I issued my original order, I further ruled that plaintiff would be afforded any reasonable extension of time it needed to procure the services of an interpreter or a bilingual accountant.

For all these reasons, plaintiff's motion for reconsideration is denied.

**So Ordered.**

/s/
**Steven M. Gold**
**United States Magistrate Judge**

**Brooklyn, New York**
**October 20, 2006**

C:\MyFiles\Koon Chun 102006.wpd