**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,**

           **Plaintiff,**          **ORDER**
                                                            **04-CV-2293 (JFB)**

      **-against-**

**Star Mark Management, Inc., et al.,**

           **Defendants.**
-----------------------------------------------------------X
**GOLD, S., U.S.M.J.:**

      There are two discovery applications currently pending before the court. As will become apparent, my rulings are based upon my review of prior proceedings in this action. Although under other circumstances I might be inclined to consider the underlying merits of the parties' positions about the propriety of the discovery demands in dispute, the large number of previous discovery applications and conferences convinces me not to do so, but instead to base my rulings upon prior court orders and the representations of counsel made at prior conferences.

**A.**     **Defendants' Motion to Modify Subpoena**

      First, defendants move for an order limiting the scope of a subpoena served by plaintiff seeking production of certain of defendant Zhan's personal banking records. Docket Entries 143-145. The subpoena at issue seeks six categories of documents. The first five, to which no objection has been raised, seek corporate documents, but the sixth demands production of "[a]ll documents from January 2003 through the present including but not limited to documents pertaining to loans and/or mortgages taken by Yi Q. Zhan (a.k.a., Jimmy Zhan)." Decl. of Bing Li in Support of Motion to Modify Subpoena ("Li Decl."), Ex. A.

      During a conference held on September 8, 2006, defendant asserted that I had previously

ruled that plaintiff could not take discovery of defendant Zhan's personal banking records. Decl. of Anthony A. Coppola, Ex. 1. At that time, Mr. Li – Mr. Zhan's counsel – stated "Zhan's personal record . . . the Court already ruled not to be disclosed. At one of the conference [sic], the Court specifically said Zhan's personal record not discoverable." *Id.* at 22. Plaintiff's counsel disputed Mr. Li's recollection. *Id.* at 23. The matter was deferred to afford defendants' counsel an opportunity to submit a transcript or other document reflecting the prior ruling he stated he recalled. *Id.*

Apparently, defendants never provided plaintiff's counsel or the court with a transcript or other indication of my prior ruling. Defendants' counsel did, however, state in a letter dated October 17, 2006, that the ruling he was relying upon was made during a conference held on February 28, 2006. Li Decl., Ex. L. Having received no transcript or other official documentation from defendants, plaintiff served the subpoena at issue.

I have reviewed the transcript of the conference held on February 28, 2006. The first part of the conference was addressed to providing plaintiff's counsel with access to defendants' computer records. One of the problems raised by the parties was that the computer contained both business and personal records. During the course of the discussion, plaintiff's counsel represented that, once he had been given access to the computer records, he would review the files obtained "and delete the personal files." Tr. of Feb. 28, 2006 at 5. Later in the conference, in the course of addressing a different discovery dispute, I ruled that "I'm not going to require the personal documents of Mr. Zan [sic] to be produced to show whether or not he got any assets of Star Mark." *Id.* at 25.

In short, it appears that Mr. Li was correct to recall on September 8, 2006 that I had

previously restricted plaintiff's access to defendant Zhan's personal financial records. For this reason, defendants' motion to modify the subpoena to eliminate the sixth category of documents listed therein is granted.

**B.      Plaintiff's Letter Application Regarding Jenny Chen and Corporate Tax Returns**

By letter dated November 22, 2006, Docket Entry 151, plaintiff seeks two additional items of discovery. First, plaintiff seeks the last known address of Jenny Chen. According to plaintiff, Chen is a former co-owner of defendant Star Mark and a business associate of defendant Zhan. By letter dated November 28, 2006, counsel for defendants has agreed to provide the information plaintiff seeks. Defendants shall provide the last known address of Jenny Chen by December 20, 2006.

Second, plaintiff seeks authorizations for the tax returns of the corporate defendants for the years 2002 to 2004. As plaintiff correctly points out, defendants agreed to provide these authorizations without objection during a conference held on September 8, 2006. *See* Pl.'s Letter dated Nov. 22, 2006, Ex. F. Although defendants argue in opposition that they agreed to provide authorizations only for the tax returns of defendant Star Mark but not for the other two corporations for which records were sought (defendant Great Mark Corporation and Great Kingsland, Inc., the successor to defendant Star Mark Corporation), *see* Docket Entry 154 at 4, defendants' counsel made no such statement during the conference; to the contrary, the only limitation insisted upon by counsel was that the personal tax returns of the individual defendant, Zhan, would not be produced.

> Mr. Li:     I would represent that we would not object to
>             production for all corporate return. . . .  To the
>             extent we have not, we will produce to you all of the

|            |                                                                                                     |
|------------|-----------------------------------------------------------------------------------------------------|
|            | corporate tax returns.                                                                              |
| The Court: | And you'll provide authorizations for any that you don't have, so that they can be obtained from the Internal Revenue Service. |
| Mr. Li:    | Yes, your Honor, but not the request seeking –                                                      |
| The Court: | Not the personal tax returns.                                                                       |
| Mr. Li:    | Personal tax returns.                                                                               |

Pl.'s Letter, Ex. F, at 36. Accordingly, defendants shall produce authorizations for the tax returns of each of the corporate defendants for the years 2002 to 2004 by December 20, 2006.

**C.     Sanctions**

Finally, plaintiff seeks sanctions in connection with both pending discovery motions. Because plaintiff did not prevail on the first motion, and because defendants opposed only one aspect of the relief sought by plaintiff in connection with the second motion, plaintiff's application for sanctions is denied.

**So Ordered.**

_____/s/_____
**Steven M. Gold**
**United States Magistrate Judge**

**Brooklyn, New York**
**December 8, 2006**

U:\Koon Chun 120806.wpd