LAW OFFICES OF BING LI, LLC
Bing Li (BL 5550)
1350 Broadway, Suite 1001
New York, NY 10018-0947
(212) 967-7690
Attorneys for Defendants
Star Mark Management, Inc.,
Great Mark Corporation and
Jimmy Zhan

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x
KOON CHUN HING KEE SOY & SAUCE   :   04 Civ. 2293 (JFB)(SMG)
FACTORY, LTD., a company
organized under the laws of     :
Hong Kong,

                         :   **DECLARATION OF**
              Plaintiff,   **BING LI IN SUPPORT**
                         :   **OF MOTION TO**
   -against-            **QUASH SUBPOENA**

                         :
STAR MARK MANAGEMENT, INC., a
New York corporation; GREAT MARK   :
CORPORATION, a New York
corporation; JIMMY ZHAN, an      :
individual (a/k/a Yi Q. Zhan);
and JOHN DOES 1 through 10,     :

                 Defendants.   :
-----------------------------------x

    BING LI, an attorney duly admitted to practice before

this Court, declares under the penalty of perjury as

follows:

    1.   I am a member of the LAW OFFICES OF BING LI, LLC,

attorneys for STAR MARK MANAGEMENT, INC. ("Star Mark"),

GREAT MARK CORPORATION ("Great Mark") and JIMMY ZHAN ("Zhan"), the defendants in the within action (collectively "Defendants").

2.     I respectfully submit this declaration in support of Defendants' motion for an order pursuant to the Court's inherent power in supervising discovery and Rule 45 of the Federal Rules of Civil Procedure quashing a subpoena issued by Plaintiff on January 18, 2007 to Jenny Chen (the "subpoena") on the grounds that the subpoena was issued without the Court's authorization after fact discovery has closed and that the information sought by the subpoena is not material or relevant to the issues raised in this action; awarding defendants costs including reasonable attorney's fees incurred in making the instant motion; and granting defendants such other and further relief as the Court deems just and proper.

3.     True copies of documents relevant to the instant motion are annexed hereto as follows:

    Ex. A     Plaintiff's subpoena issued to Jenny Chen
              dated 1/17/07;

    Ex. B     Plaintiff's Notice of Deposition of Jenny
              Chen dated 1/18/07;

Ex. C          Excerpts from the 9/8/06 Conference
               transcript;

Ex. D          Four emails exchanged by counsel:

               (1)   Email of Bing Li ("Li") to Anthony A.
                     Coppola ("Coppola") dated 1/19/07, at
                     19:53 p.m.;
               (2)   Email of Coppola to Li dated 1/23/07, at
                     11:30 a.m.;
               (3)   Email of Li to Coppola dated 1/23/07, at
                     7:43 p.m.;
               (4)   Email of Coppola to Li dated 1/24/07, at
                     1:06 p.m.

Ex. E          Order of Judge Gold dated December 8, 2006
               (Docket No. 155).


     4.   Zhan was deposed in this action on December 21 and

30, 2005.


     5.   According to Zhan's deposition testimony, Jenny

Chen ("Chen"), a non-party to this action, was a shareholder

of Star Mark from 2000 until Star Mark stopped doing

business at the end of 2005 when Chen withdrew her interest

in Star Mark.


     6.   The information sought by plaintiff's subpoena

mainly relates to Chen's "loans made to or received from

[Star Mark, Great Mark and Zhan]" (Ex. A, Schedule B, Item

3), "investment made by Ms. Chen in [Star Mark, Great Mark,

Great Kingsland, Inc. and Zhan]" (id., Item 4), "payments

- 3 -

made by Chen for goods or other assets belonging to [Star Mark, Great Mark, Great Kingsland, Inc. and Zhan]" (id., Item 5), and Chen's receipts of "money or other assets" from [Star Mark, Great Mark or Zhan]" (id., Item 6).

7.    At the conference held on September 8, 2006, the Court announced that discovery in this case "[c]losed, other than the items ... discussed on the record today." Ex. C, Tr. 60:6-17.

8.    Defendants rely on the Court's decision, Playboy Enterprises International Inc. v. On Line Entertainment, Inc., 2003 WL 1567120, 00-civ.-6618 (RJD) (E.D.N.Y. March 13, 2003) (Gold, M.J.), for the proposition that a subpoena that was served after close of discovery and without prior application to the Court will be quashed.

9.    Defendants also rely on the Court's recent decision ruling on defendants' motion to modify plaintiff's subpoena served on Citibank for Zhan's personal financial records and "Plaintiff's Letter Application regarding Jenny Chen and Corporate Tax Returns.  There, the Court held as follows (Ex. E, at 1):

- 4 -

> ... Although under other circumstances [the
> Court] might be included to consider the
> underlying merits of the parties' positions
> about the propriety of the discovery demands
> in dispute, the large number of previous
> discovery applications and conferences
> convinces [the Court] not to do so, **but
> instead to base [the Court's] rulings upon
> prior court orders and the representations of
> counsel made at prior conferences.** [emphasis
> added]

10.   Plaintiff will argue that discovery with respect
to Jenny Chen was not closed because it was one of the
"items" that were discussed at the 9/8/06 Conference.
However, the issue regarding Jenny Chen that was discussed
only relates to defendants' producing the last known address
of Chen to plaintiff.  Defendants produced the information
on November 30, 2006 (prior to the Court's order of December
8, 2006).  Therefore, the Jenny Chen discovery issue was
closed.

11.   Plaintiff cannot argue that the subpoena was
authorized by the Court.  Instead, it will argue that the
Court's inquiry about whether the last known address of
Jenny Chen was produced to plaintiff was the Court's
authorization.  See Ex. D(2) ("At the conference Judge Gold
initiated the question 'Have you provide last known address

information for this Mrs. Chen?'").

12.   Defendants respectfully submit to the Court that
plaintiff's interpretation is not supported by the record
and not reasonable.  First, had the Court really intended to
authorize a pretrial subpoena on Chen, the Court could have
so specifically ordered.  Second, contrary to plaintiff's
contention, the disclosure of Chen's last known address
information is not meaningless because it is necessary for
plaintiff to serve a trial subpoena (as opposed to a
pretrial discovery subpoena).

13.   Plaintiff's counsel justified the need for the
Chen subpoena as follows (Ex. D(4)):

> The disc[overy] with respect to Ms. Chen
> directly related to Mr. Zhan's testimony that
> he had a business partner that he bought out
> and our attempt to find out more information
> about how that relationship ended and the
> nature of the transaction relating thereto.

14.  However, plaintiff's counsel did not make these
statements to the Court at the 9/8/06 Conference and did not
even mention that plaintiff would need any pretrial
discovery from Jenny Chen.  See, Ex. C, Tr. 32-33.

15.   Furthermore, the information sought by plaintiff's subpoena (Ex. A, Schedule B) mainly relates to the transfer and ownership of Star Mark's assets (Chen's investment in Star Mark and her withdrawal of her interest therefrom).   As such, the discovery sought from Chen is premature as there is no judgment entered in this action.

16.   Accordingly, the Court is requested to quash the subpoena and award defendants such other and further relief as the Court deems just and proper.

17.   I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Respectfully submitted,

Dated:   New York, New York
         January 24, 2007

LAW OFFICES OF BING LI, LLC
Attorneys for Defendants

By:_____
     Bing Li (BL 5550)

- 7 -

**EXHIBIT A**

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

| EASTERN | DISTRICT OF | NEW YORK |
| --- | --- | --- |

Koon Chun Hing Kee Soy & Sauce Factory, Ltd.

V.

Star Mark Management, Inc., et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04-2293

TO:  JENNY CHEN
40-10 149th St (1st fl)
Flushing, NY 11355

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   ABELMAN, FRAYNE & SCHWAB<br>666 Third Ave (10th fl), New York, NY 10017 | DATE AND TIME<br>2/12/2007 10:00 am |
| --- | --- |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attached Schedule "B"

| PLACE   Abelman, Frayne & Schwab<br>666 Third Ave (10th fl), New York, NY 10017 | DATE AND TIME<br>2/5/2007 9:00 am |
| --- | --- |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*Anthony A. Coppola*   ATTORNEY FOR PLAINTIFF | DATE<br>1/18/2007 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony A. Coppola of Abelman, Frayne & Schwab
666 Third Ave, New York, NY 10017

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE B

### Document Requests

1.  All documents identifying Ms. Chen's role as an investor, owner, officer, director employee, consultant, representative or in any other capacity for or on behalf of Star Mark Management, Inc., Great Mark Corporation, Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan from January 2001 through the present.

2.  All documents from January 2001 through the present sent to or received from Star Mark Management, Inc., Great Mark Corporation, Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan including but not limited to correspondence, invoices, emails any other records.

3.  All documents from January 2001 through the present reflecting or relating to any loans made to or received from Star Mark Management, Inc., Great Mark Corporation, Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan including, but not limited to written agreements, correspondences, bank statements, cancelled checks, and any other relevant documents.

4.  All documents relating or referring to investments made by Ms. Chen in Star Mark Management, Inc., Great Mark Corporation or Great Kingsland, Inc. between January 2001 to the present.

5.  All documents reflecting, relating or referring to payments made by Ms. Chen for goods or other assets belonging to Star Mark Management, Inc., Great Mark Corporation, Great Kingsland, Inc., Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan between January 2001 to the present.

6.  All documents reflecting, relating or referring to money or other assets received by Ms. Chen from Star Mark Management, Inc., Great Mark Corporation or Great Kingsland, Inc., Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan between January 2001 to the present.

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 18, 2007, I caused a true and complete copy of the foregoing **SUBPOENA** to Jenny Chen, to be served by facsimile and first class mail delivery upon:

> Bing Li, Esq.
> Law Offices of Bing Li
> 1350 Broadway (Suite 1001)
> New York, NY 10018-0947

> Attorneys for Defendants

Anthony A. Coppola

**EXHIBIT B**

ABELMAN, FRAYNE & SCHWAB
Lawrence E. Abelman (LA 6486)
Jeffrey A. Schwab (JS 9592)
Anthony A. Coppola (AC 3548)
666 Third Avenue
10th Floor
New York, New York 10017
(212) 949-9022

Attorneys for Plaintiff
Koon Chun Hing Kee Soy & Sauce Factory, Ltd.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————X

KOON CHUN HING KEE SOY & SAUCE :
FACTORY, LTD., a company organized :
under the laws of Hong Kong :
                                        :
                            Plaintiff, :
                                        :
          -against-                     :          04 Civ. 2293 (JG)
                                        :
                                        :
STAR MARK MANAGEMENT, INC., a           :
New York corporation; GREAT MARK        :
CORPORATION, a New York corporation;    :     **NOTICE OF DEPOSITION**
JIMMY ZHAN (a/k/a Yi Q. Zhan) an        :     **OF JENNY CHEN**
individual; and JOHN DOES 1 through 10  :
                                        :
                            Defendants. :
————————————————X

To:    Bing Li, Esq.
       LAW OFFICES OF BING LI
       1350 Broadway, 10th Floor
       New York, New York 10018-0947

       Attorneys for Defendants

       PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Plaintiff KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD. ("Koon Chun")

will take the deposition upon oral examination of Jenny Chen regarding the categories listed in

annexed Schedule A. Ms. Chen is also requested to produce prior to the deposition those documents

in her possession or control which are listed in the annexed Schedule B.

       The deponent should contact the undersigned before Febraury 5, 2007 and indicate whether

an interpreter is required and if so, what specific language is required to be interpreted.

The deposition will commence at 10:00 a.m. on February 12, 2006 at the Offices of Abelman, Frayne & Schwab, 666 Third Avenue, New York, New York 10017.

The deposition will continue as permitted by the Federal Rules of Civil Procedure.

The examination will be conducted before a notary public or other officer authorized to administer oaths and will be recorded stenographically.

You are invited to attend and cross examine.


Dated: January 18, 2007                           Respectfully submitted,

                                                  ABELMAN, FRAYNE & SCHWAB


                            By:      _____
                                     Lawrence E. Abelman (LA 6486)
                                     Jeffrey A. Schwab (JS 9592)
                                     Anthony A. Coppola (AC 3548)
                                     666 Third Avenue
                                     10th Floor
                                     New York, New York 10017
                                     (212) 949-9022

                                     Counsel for the Plaintiff


2

## SCHEDULE A

### Deposition Categories

1.    Ms. Chen's role as an investor, owner, officer, director employee, consultant, representative or in any other capacity for or on behalf of Star Mark Management, Inc., Great Mark Corporation, Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan from January 2001 through the present.

2.    The relationship between Ms. Chen and Star Mark Management, Inc., Great Mark Corporation, Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan from January 2001 through the present.

3.    Any loan's made by Ms. Chen to Star Mark Management, Inc., Great Mark Corporation, Great Kingsland, Inc., Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan from January 2001 to the present.

4.    The nature of any investments made by Ms. Chen in Star Mark Management, Inc., Great Mark Corporation or Great Kingsland, Inc. between January 2001 to the present.

5.    Payments made by Ms. Chen for goods or other assets belonging to Star Mark Management, Inc., Great Mark Corporation or Great Kingsland, Inc., Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan between January 2001 to the present.

6.    Money or other assets received by Ms. Chen from Star Mark Management, Inc., Great Mark Corporation or Great Kingsland, Inc., Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan between January 2001 to the present.

3

## SCHEDULE B

### Document Requests

1. All documents identifying Ms. Chen's role as an investor, owner, officer, director employee, consultant, representative or in any other capacity for or on behalf of Star Mark Management, Inc., Great Mark Corporation, Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan from January 2001 through the present.

2. All documents from January 2001 through the present sent to or received from Star Mark Management, Inc., Great Mark Corporation, Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan including but not limited to correspondence, invoices, emails any other records.

3. All documents from January 2001 through the present reflecting or relating to any loans made to or received from Star Mark Management, Inc., Great Mark Corporation, Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan including, but not limited to written agreements, correspondences, bank statements, cancelled checks, and any other relevant documents.

4. All documents relating or referring to investments made by Ms. Chen in Star Mark Management, Inc., Great Mark Corporation or Great Kingsland, Inc. between January 2001 to the present.

5. All documents reflecting, relating or referring to payments made by Ms. Chen for goods or other assets belonging to Star Mark Management, Inc., Great Mark Corporation, Great Kingsland, Inc., Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan between January 2001 to the present.

6. All documents reflecting, relating or referring to money or other assets received by Ms. Chen from Star Mark Management, Inc., Great Mark Corporation or Great Kingsland, Inc., Jimmy Zhan, Yi Zhan, Yi Q. Zhan or Y.Q. Zhan between January 2001 to the present.

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 18, 2007, I caused a true and complete copy of the foregoing **NOTICE OF DEPOSITION OF JENNY CHEN** to be served by facsimile and first class mail delivery upon:

> Bing Li, Esq.
> Law Offices of Bing LI, LLC
> 1350 Broadway, 10th Floor
> New York, New York 10018-0947

> Attorneys for Defendants

Anthony A. Coppola

5

**EXHIBIT C**

```
               UNITED  STATES  DISTRICT  COURT
               EASTERN  DISTRICT  OF  NEW  YORK

-----------------------------X Docket#
KOON CHUN HING KEE SOY             : 04-CV-2293(JFB)(SMG)
& SAUCE FACTORY, LTD.,             :
             Plaintiff,            :
                                   :
   - versus -                      : U.S. Courthouse
                                   : Brooklyn, New York
STAR MARK MANAGEMENT, INC.,        :
    et al.,                        : September 18, 2006
             Defendant             :
-----------------------------X
```

### (PARTIALLY SEALED TRANSCRIPT)

TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE

A    P    P    E    A    R    A    N    C    E    S:


**For the Plaintiff**:            Anthony Copolla, Esq.


**For the Defendant**:            Bing Li, Esq.


**Official Transcriber**:         Rosalie Lombardi
                                       L.F.


**Transcription Service**:        **Transcription Plus II**
                                  823 Whittier Avenue
                                  New Hyde Park, N.Y.   11040
                                  (516) 358-7352


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

<b>Proceedings</b>

32

1  understanding that that information would be in the Quick

2  Books computer back-up; cannot locate it.

3          Again, it relates to I wasn't able to find

4  everything.  In the back-ups, I could approach Mr. Li and

5  he would try to get that information for me.  That was

6  the basis for my request.

7          THE COURT:  I understand.  Mr. Li?

8          MR. LI:  Well, the affidavit submitted, that's

9  my letter responding to Mr. Copolla's Exhibit 1.  The way

10 to document the change of ownership is to either produce

11 documents we have or to give him an affidavit that we

12 don't have.  We already gave an affidavit saying that we

13 do not have any documents to change the ownership.

14 Everything is on credit, your Honor.  The partner -- on

15 credit.  The partner supplied some goods to Mr. Zhan and

16 Mr. Zhan in return let the other side keep some money.

17 He would collect from other customers.

18         So, it's on a credit basis, like a

19 clearinghouse.  It's not like a normal type of

20 transactions.  There's no records, just we may show him

21 the purchases -- what the purchases stand by his former

22 partner.

23         THE COURT:  So, they don't have any written

24 agreement?

25         MR. LI:  No, nothing.  It's --

Transcription Plus II      Rosalie Lombardi

Proceedings                              33

1      THE COURT:  Or verbal?

2      MR. LI:  We answered this question, your Honor,

3  no less than ten times.  No.

4      THE COURT:  Can't you --

5      MR. LI:  I wish we could have some to satisfy

6  Mr. Copolla's quest --

7      THE COURT:  Have you provided last known

8  address information for this Mr. Chen?

9      MR. LI:  Never asked me for it.  If he asked,

10 we were willing to do that -- we would be willing to do

11 that.  Last known address --

12     MR. COPOLLA:  We would request that

13 information, your Honor.

14     MR. LI:  You will have that.

15     MR. COPOLLA:  But again, that information, we

16 believe if there was some substantial transfer of money

17 through --

18     THE COURT:  Yes.

19     MR. COPOLLA:  -- you know, a bank transfer or

20 something, the bank records would indicate that.

21 Unfortunately, the time frame in which that event

22 occurred is in the gap of the documents that are missing.

23 So, hence our dilemma.  So, perhaps the --

24     THE COURT:  What are you proposing I do?

25     MR. COPOLLA:  There's -- I believe recourse is

Transcription Plus II        Rosalie Lombardi

**Proceedings**                                        60

1          MR. COPOLLA:  With that exception, I believe

2   that that's everything.

3          THE COURT:  That and certainly anything,

4   Mr. Li, that your expert relies upon in his report.  If

5   it hasn't been disclosed, we're going to have a problem.

6          MR. LI:  Right.  Well, your Honor, with respect

7   to fact discovery in this case, at this moment it's

8   closed.

9          THE COURT:  Closed, other than the items we've

10  discussed on the record today.

11         MR. COPOLLA:  Right.

12         MR. LI:  We have --

13         MR. COPOLLA:  Additional (inaudible).

14         MR. LI:  We really need a closure to this,

15  otherwise --

16         THE COURT:  Closed other than the items we

17  discussed on the record today.

18         MR. LI:  Okay.  Thank you, your Honor.

19         MR. COPOLLA:  Thank you, your Honor.

20         THE COURT:  Good day.

21         MR. COPOLLA:  Thank you, your Honor, have a

22  good day.  Have a nice weekend.

23             (Matter concluded)

24                 -oOo-

25

Transcription Plus II          Rosalie Lombardi

.

**EXHIBIT D**

**Bing Li**

| | |
|---|---|
| **From:** | "COPPOLA, A." <aacoppola@lawabel.com> |
| **To:** | "Bing Li" <bli@blillc.com> |
| **Sent:** | Wednesday, January 24, 2007 1:06 PM |
| **Subject:** | RE: Koon Chun v Star Mark |

Mr. Li:

We will not withdraw our subpoena.

The discussion with respect to Ms. Chen directly related to Mr. Zhan's testimony that he had a business partner that he bought out and our attempt to find out more information about how that relationship ended and the nature of the transaction relating thereto. We advised Judge Gold at the September 8, 2006 conference that it was plaintiff's understanding that information concerning this transaction could be found in the Quick Books data. It was not. Defendants at that time admitted to Judge Gold that they did not have any documents about this relationship. You advised Judge Gold that you wished you could satisfy plaintiff's request for this information. Judge Gold then asked if you had provided Ms. Chen's last known address and you stated you had not but subsequently agreed to provide it. After your claim after the conference that you never made such a representation you finally provided Ms. Chen's address nearly 3 months after the conference.



Plaintiff does not have to wait until trial as you suggest to obtain the answers to this issue and I do not believe that was Judge Gold's intent in having you provide this information.

Moreover, as I previously stated and as you are well aware, discovery is not completely closed. At the September 8th conference Judge Gold said that discovery was "[c]losed, other that the items we discussed on the record today." That would include the issue regarding Ms. Chen and our contacting her at the address you provided.

Anthony Coppola

Anthony A. Coppola, Esq.
ABELMAN, FRAYNE & SCHWAB
666 Third Avenue, 10th Floor
New York, New York 10017
(212) 949-9022 ext. 431
(212) 949-9190 (facsimile)
aacoppola@lawabel.com

www.lawabel.com

-------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by

1/24/2007

legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

-----Original Message-----
From: Bing Li [mailto:bli@blillc.com]
Sent: Tuesday, January 23, 2007 7:43 PM,
To: COPPOLA, A.
Subject: Re: Koon Chun v Star Mark

Dear Mr. Coppola:

Your question at the end of your email either shows you do not know about
the difference between trial subpoena and pretrial discovery subpoena OR you
simply try to cover up your efforts to reopen pretrial discovery.  You sure
need Jenny Chen's last known address to serve her with your TRIAL subpoena,
but not just a pretrial subpoena without the court's authorization more than
four months after close of discovery on 9/8/2006.  Therefore, we will move
to quash the subpoena forthwith unless same is withdrawn by 1:00 p.m.
tomorrow (January 24, 2007).  Thank you very much.  Bing Li

----- Original Message -----
From: "COPPOLA, A." <aacoppola@lawabel.com>
To: <bli@blillc.com>
Sent: Tuesday, January 23, 2007 11:30 AM
Subject: Re: Koon Chun v Star Mark

Mr. Li:

Judge Gold ordered that discovery was closed EXCEPT for the issues discussed
at the conference in which YOU agreed to provide the last known address of
Jenny Chen. Thus discovery with respect to contacting Ms. Chen is still open.

At the conference Judge Gold initiated the question "Have you provided last



known address information for this Mrs. Chen?"  P. 33 L7-8.

You in turn offered to provide that information.  It has been provided and
we are entitled to follow up with Ms. Chan.

What would have been the point of giving me Ms. Chen's last known address if
I was not going to be permitted to contact her?

Anthony Coppola

-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Bing Li <bli@blillc.com>
To: COPPOLA, A. <aacoppola@lawabel.com>
Sent: Fri Jan 19 19:53:32 2007
Subject: Re: Koon Chun v Star Mark

Dear Mr. Coppola:

Thank you for your reply anyway.  I will submit an application to the Court
over the weekend.

Also, referring to the newly served Jenny Chen deposition subpoena, it is
objectionable to the extent fact discovery has closed since 9/8/2006 and a
pre-trial deposition of a non-party witness was not authorized by the court.
Recall that the issue that was kept open at the close of the 9/8/2006
regarding Jenny Chen was defendant's providing you with her last known
address, but not a pre-trial deposition.  The information was produced to on
11/30/2006.  Please forward to me the pertinent portion of the transcript
showing the court's authorization of the deposition BEFORE we move to quash
the subpoena.  Thank you very much.  Bing Li



**EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
**Koon Chun Hing Kee Soy & Sauce Factory,**
**Ltd.,**

                        **Plaintiff,**                              **ORDER**
                                                                    **04-CV-2293 (JFB)**

              **-against-**

**Star Mark Management, Inc., et al.,**

                        **Defendants.**
--------------------------------------------------------X
**GOLD, S., U.S.M.J.:**

          There are two discovery applications currently pending before the court.  As will become

apparent, my rulings are based upon my review of prior proceedings in this action.  Although

under other circumstances I might be inclined to consider the underlying merits of the parties'

positions about the propriety of the discovery demands in dispute, the large number of previous

discovery applications and conferences convinces me not to do so, but instead to base my rulings

upon prior court orders and the representations of counsel made at prior conferences.

**A.        Defendants' Motion to Modify Subpoena**

          First, defendants move for an order limiting the scope of a subpoena served by plaintiff

seeking production of certain of defendant Zhan's personal banking records.  Docket Entries 143-

145.  The subpoena at issue seeks six categories of documents.  The first five, to which no

objection has been raised, seek corporate documents, but the sixth demands production of "[a]ll

documents from January 2003 through the present including but not limited to documents

pertaining to loans and/or mortgages taken by Yi Q. Zhan (a.k.a., Jimmy Zhan)."  Decl. of Bing

Li in Support of Motion to Modify Subpoena ("Li Decl."), Ex. A.

          During a conference held on September 8, 2006, defendant asserted that I had previously

ruled that plaintiff could not take discovery of defendant Zhan's personal banking records. Decl. of Anthony A. Coppola, Ex. 1. At that time, Mr. Li – Mr. Zhan's counsel – stated "Zhan's personal record . . . the Court already ruled not to be disclosed. At one of the conference [sic], the Court specifically said Zhan's personal record not discoverable." *Id.* at 22. Plaintiff's counsel disputed Mr. Li's recollection. *Id.* at 23. The matter was deferred to afford defendants' counsel an opportunity to submit a transcript or other document reflecting the prior ruling he stated he recalled. *Id.*

Apparently, defendants never provided plaintiff's counsel or the court with a transcript or other indication of my prior ruling. Defendants' counsel did, however, state in a letter dated October 17, 2006, that the ruling he was relying upon was made during a conference held on February 28, 2006. Li Decl., Ex. L. Having received no transcript or other official documentation from defendants, plaintiff served the subpoena at issue.

I have reviewed the transcript of the conference held on February 28, 2006. The first part of the conference was addressed to providing plaintiff's counsel with access to defendants' computer records. One of the problems raised by the parties was that the computer contained both business and personal records. During the course of the discussion, plaintiff's counsel represented that, once he had been given access to the computer records, he would review the files obtained "and delete the personal files." Tr. of Feb. 28, 2006 at 5. Later in the conference, in the course of addressing a different discovery dispute, I ruled that "I'm not going to require the personal documents of Mr. Zan [sic] to be produced to show whether or not he got any assets of Star Mark." *Id.* at 25.

In short, it appears that Mr. Li was correct to recall on September 8, 2006 that I had

previously restricted plaintiff's access to defendant Zhan's personal financial records. For this reason, defendants' motion to modify the subpoena to eliminate the sixth category of documents listed therein is granted.

## B.   Plaintiff's Letter Application Regarding Jenny Chen and Corporate Tax Returns

By letter dated November 22, 2006, Docket Entry 151, plaintiff seeks two additional items of discovery. First, plaintiff seeks the last known address of Jenny Chen. According to plaintiff, Chen is a former co-owner of defendant Star Mark and a business associate of defendant Zhan. By letter dated November 28, 2006, counsel for defendants has agreed to provide the information plaintiff seeks. Defendants shall provide the last known address of Jenny Chen by December 20, 2006.

Second, plaintiff seeks authorizations for the tax returns of the corporate defendants for the years 2002 to 2004. As plaintiff correctly points out, defendants agreed to provide these authorizations without objection during a conference held on September 8, 2006. *See* Pl.'s Letter dated Nov. 22, 2006, Ex. F. Although defendants argue in opposition that they agreed to provide authorizations only for the tax returns of defendant Star Mark but not for the other two corporations for which records were sought (defendant Great Mark Corporation and Great Kingsland, Inc., the successor to defendant Star Mark Corporation), *see* Docket Entry 154 at 4, defendants' counsel made no such statement during the conference; to the contrary, the only limitation insisted upon by counsel was that the personal tax returns of the individual defendant, Zhan, would not be produced.

> Mr. Li:    I would represent that we would not object to
> production for all corporate return. . . . To the
> extent we have not, we will produce to you all of the

3

corporate tax returns.

The Court:  And you'll provide authorizations for any that you don't have, so that they can be obtained from the Internal Revenue Service.

Mr. Li:  Yes, your Honor, but not the request seeking –

The Court:  Not the personal tax returns.

Mr. Li:  Personal tax returns.

Pl.'s Letter, Ex. F, at 36. Accordingly, defendants shall produce authorizations for the tax returns of each of the corporate defendants for the years 2002 to 2004 by December 20, 2006.

**C.   Sanctions**

Finally, plaintiff seeks sanctions in connection with both pending discovery motions. Because plaintiff did not prevail on the first motion, and because defendants opposed only one aspect of the relief sought by plaintiff in connection with the second motion, plaintiff's application for sanctions is denied.

**So Ordered.**

_____/s/_____
**Steven M. Gold**
**United States Magistrate Judge**

**Brooklyn, New York**
**December 8, 2006**

U:\Koon Chun 120806.wpd

4