UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD., <br><br>                    Plaintiff, <br><br>         -against- <br><br> STAR MARK MANAGEMENT, INC., GREAT MARK CORP. and YI Q. ZHAN (a/k/a JIMMY ZHAN), <br><br>                    Defendants. | CV-04-2293 (SMG) <br><br> **[PROPOSED] PERMANENT INJUNCTION AND ORDER** |

Pursuant to the May 21, 2009 Memorandum and Order (ECF Doc #222) awarding Plaintiff Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Plaintiff") permanent injunctive relief against Defendants Star Mark Management, Inc., Great Mark Corp. and Yi Q. Zhan (a/k/a Jimmy Zhan) (collectively, "Defendants"), and the June 24, 2009 Memorandum and Order (ECF Doc #235) granting Plaintiff's application for a Permanent Injunction and Order, this Court hereby enters this Permanent Injunction and Order as follows:

WHEREAS, this action was commenced by Plaintiff on June 3, 2004 against Defendants alleging in its Complaint, among other things, that Defendants committed acts of willful counterfeiting and infringement of Plaintiff's federally registered KOON CHUN SAUCE FACTORY and design trademark (U.S. Registration No. 1,410,790) ("Plaintiff's Trademark") by manufacturing, selling and distributing counterfeit products bearing Plaintiff's Trademark (ECF Doc #1);

WHEREAS, on June 3, 2004, the Court entered an Order to Show Cause with Temporary Restraining Order, Seizure Order and Accelerated Discovery (ECF Doc #11);

WHEREAS, on July 7, 2004, the Court entered the Parties' Stipulated Preliminary Injunction and Order enjoining Defendants from, among other things, buying or selling goods bearing any counterfeit or simulation of Plaintiff's Trademark (ECF Doc #6);

WHEREAS, on January 8, 2007, the Court found Defendants liable for trademark and trade dress infringement pursuant to 15 U.S.C. §§ 1114(1) and 1125(a), and unfair competition pursuant to 15 U.S.C. § 1125(a);

WHEREAS, on May 21, 2009, this Court entered an Order finding, among other things, that Defendants' acts of trademark infringement was willful;

THEREFORE, it is hereby ORDERED and DECREED that:

Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all those acting in concert or participation with them are hereby PERMANENTLY RESTRAINED from:

(1) imitating, copying or making unauthorized use of Plaintiff's Trademark including affixing, applying, or annexing or using Plaintiff's Trademark in connection with any product, designs, containers, labels, displays, signs, prints, packages, wrappers, receptacles, promotions or advertisements bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademark or any other false designation of origin, false description or representation, and from causing said products to enter into commerce, or causing or procuring the same to be transported or to be used in commerce, or delivering the same to any carrier to be transported or used in commerce;

(2) manufacturing, producing, distributing, importing, accepting for consignment, shipping, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's

Trademark and/or any other trademarks so similar as to be likely to cause confusion, to cause mistake, or to deceive;

(3)     using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademark or any terms confusingly similar thereto in connection with the importation, shipment, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product;

(4)     making any statement or representation or using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any product manufactured, distributed or sold by defendants is in any manner associated or connected with the Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff or comes from the same source as Plaintiff's goods, and from otherwise competing unfairly with Plaintiff and injuring its business reputation;

(5)     engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's Trademark or any of Plaintiff's rights in or to use or to exploit said trademark, or constituting any dilution of Plaintiff's Trademark, reputation or good will;

(6)     destroying, buying, selling or otherwise disposing of any merchandise bearing Plaintiff's Trademark which is not manufactured by the Plaintiff, and instead delivering the same to Plaintiff or to an agent authorized to act on behalf of Plaintiff for destruction;

(7)     with regard to non-genuine goods, destroying, transferring, secreting or otherwise disposing of any documents, books or records relating to the purchase, sale, importation or shipment of sauces or any merchandise bearing Plaintiff's Trademark or any counterfeit or simulation thereof or any other trademark so similar so as to cause confusion, mistake or

deception, and instead delivering the same to Plaintiff or to an agent authorized to act on behalf of Plaintiff;

(8) passing off, inducing or enabling others to pass off any counterfeit product or products bearing Plaintiff's Trademark or other trademarks so similar as to cause confusion; and

(9) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to herein.

**SO ORDERED:**

Dated: June __, 2009                    _____
       Brooklyn, New York               STEVEN M. GOLD
                                        United States Magistrate Judge