# YUEN ROCCANOVA SELTZER & SVERD P.C.
## Attorneys at Law

132 Nassau Street
Suite 1300
New York, N.Y. 10038
Phone:     (212) 608-1178
Facsimile: (212) 608-2913

Po W. Yuen
Veronica Yuen
Joseph T. Roccanova
Steven Seltzer
Peter E. Sverd

Long Island Office
149 Main Street
Huntington, N.Y. 11743
Phone:    (631) 239-5297
Facsimile: (631) 421-4483

E-mail: jroccanova@yrsslaw.com

April 23, 2010

**VIA ECF**
Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

> Re: *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Management, Inc., et al.*
> Case No.: 04-CV-2293 (SMG)

Dear Judge Gold:

    We represent the plaintiff, Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Koon Chun") with respect to the enforcement and execution of the $989,426.13 Judgment previously obtained in its favor against the defendants, and entered by the Clerk of the Court on January 8, 2010. We are writing to reply to the April 17, 2010 letter of defendant/judgment debtor, Yi Qiang Zhan a/k/a Jimmy Zhan ("Mr. Zhan") dated, filed via ECF on April 22, 2010 as document number 255, in response to our April 14, 2010 motion by order to show cause.

    As set forth in the papers supporting Koon Chun's pending motion, Koon Chun began the process regarding discovery of the judgment debtors' assets and liabilities through a demand letter to Mr. Zhan's attorney of record, Mr. Bing Li, but received no response. (See, the April 14, 2010 Declaration of Joseph Roccanova previously submitted in support of Koon Chun's pending motion, ¶ 6). Koon Chun has been proceeding with the enforcement of its Judgment pursuant to the procedural rules of New York State (the "CPLR"), as mandated under FRCP Rule 69(a). While Mr. Zhan apparently seeks to avoid the CPLR's required time frames required for his responses to Koon Chun's information subpoena by substituting time limits contained in the Federal Rules of Civil Procedure, the fact remains that he is in default of Koon Chun's subpoena, and continues to do whatever he can to avoid providing the duly subpoenaed information.

Mr. Zhan received the personally served subpoenas on April 5, 2010 (See, the April 14, 2010 Declaration of Raymond Chan previously submitted in support of Koon Chun's pending motion, ¶ 9). He claims that he was advised (by his former attorney, Mr. Bing Li) that he had 30 days to respond to Koon Chun's document subpoena, and 7 days to respond to Koon Chun's information subpoena. Of the 183 questions contained in the subpoenas, only 6 include document requests (¶ 28, 118, 119, 145, 146, 181). Mr. Zhan's answers to the subpoena's questionnaire became due, in full, on April 12, 2010, 7 days after his admitted receipt thereof [See, CPLR §5224(a)(3)], as clearly indicated on the face of Koon Chun's information subpoena, and as instructed by his former attorney. Even if the Court were to invoke the FRCP's timeframes to allow additional time to provide the documents requested in the 6 questions including such requests, the documents would be due by May 5, 2010.

Since Mr. Zhan is already late in his response to the questionnaire and is requesting additional time to respond to Koon Chun's subpoenas by May 7, 2010, it is respectively submitted that Koon Chun is amenable, subject to the issuance of the proposed interim order enclosed herewith, to the scheduling of a return date for its pending motion by Order to Show Cause on a date after May 7, 2010, to give Mr. Zhan a final opportunity to fully comply with Koon Chun's subpoenas. Of course, Koon Chun reserves its right to proceed with its motion to hold Mr. Zhan in contempt if his failure to fully comply extends beyond May 7, 2010, as well as its right to claim damages caused by Mr. Zhan's non-compliance to date, and beyond, including attorneys fees and costs incurred in connection with its pending motion.

Since Mr. Zhan has indicated to Mr. Raymond Chan that he will not comply with Koon Chun's demand unless there is a Court order compelling him to do so (April 14, 2010 Raymond Chan Declaration, ¶ 6), and since Mr. Zhan has not objected to the restraining notice previously served upon him on March 10, 2010, (April 14, 2010 Roccanova Declaration, Exhibit F), the terms of which are included in our pending proposed Order to Show Cause without objection by Mr. Zhan, it is respectfully requested that the Court issue the enclosed proposed interim order, and schedule a return date for Koon Chun's pending motion by Order to Show Cause on a date after May 7, 2010.

We thank the Court for its attention to this matter.

Respectfully,

/s/

Joseph T. Roccanova

cc:   Yi Q. Zhan a/k/a Jimmy Zhan
      67-49 166th Street
      Fresh Meadows, NY 11365

2

Star Mark Management, Inc.
1101 Metropolitan Avenue.,
Brooklyn, NY 11211


Great Mark Corp.
1101 Metropolitan Avenue.,
Brooklyn, NY 11211


Bing Li, Esq.
(via ECF)