# YUEN ROCCANOVA SELTZER & SVERD P.C.
## Attorneys at Law

132 Nassau Street
Suite 1300
New York, N.Y. 10038
Phone:    (212) 608-1178
Facsimile: (212) 608-2913

Po W. Yuen
Veronica Yuen
Joseph T. Roccanova
Steven Seltzer
Peter E. Sverd

<u>Long Island Office</u>
149 Main Street
Huntington, N.Y. 11743
Phone:    (631) 239-5297
Facsimile: (631) 421-4483

E-mail:  jroccanova@yrsslaw.com

June 2, 2010

**<u>VIA ECF</u>**
Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

      Re: *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark*
        *Management, Inc., et al.*
        Case No.:  04-CV-2293 (SMG)

Dear Judge Gold:

  We represent plaintiff, Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Koon Chun") with respect to the enforcement and execution of the $989,426.13 Judgment previously obtained in its favor against the defendants, and entered by the Clerk of the Court on January 8, 2010 (the "Judgment").  Pursuant to your Honor's May 19, 2010 Order, we hereby make the within letter application to extend the term of your Honor's May 19, 2010 Order ordering that the aspect of paragraph B of the proposed Interim Order previously submitted by plaintiff as Docket Entry 257, at pages 4-5, until such time as the defendants have fully satisfied the Judgment.

  On May 19, 2010, your Honor ordered:

  [T]he aspect of paragraph B of the proposed Interim Order submitted by plaintiff as Docket Entry 257, at pages 4-5, dealing with Mr. Zhan's interest in the premises at 67-49 166th Street, Fresh Meadows, NY 11365 (Borough: Queens, Block: 6920, Lot: 11) (the "premises") is hereby entered, and that defendants are thus restrained and forbidden from removing, concealing, wasting or in any way making, attempting to make or suffering any sale, assignment or transfer of, or any interference with, the premises. This Order will remain in effect until June 2, 2010, at which time plaintiff may seek to extend its term. This Order is entered without prejudice to any application by defendants to modify or vacate its terms.

On June 1, 2010, Mr. Li filed a notice of appearance on behalf of Mr. Zhan, and advised us by telephone that he is now representing Mr. Zhan regarding Judgment collection in this action.

As (1) Mr. Zhan is once again being represented by an attorney; (2) Mr. Zhan and the other defendants (his businesses) have refused to satisfy any portion of the Judgment in response to Koon Chun's demands; (3) plaintiff served defendants with the attached restraining notice pursuant to Section 5222 (b) of the Civil Practice Law and Rules on March 10, 2010 (Docket 254-7, Roccanova Declaration Exhibit F, annexed hereto as Exhibit A); (4) the defendants have never objected to the restraining notice; (5) plaintiff is entitled to such a restraining order; and (6) the harm to plaintiff of a transfer of any asset of defendants to illegally avoid the Judgment outweighs any potential harm to the defendants - we hereby request that the Court extend the terms of its May 18, 2010 restraining order, and so order paragraph "b." of the proposed Interim Order previously submitted by plaintiff as Docket Entry 257, as the need to affirmatively prevent the transfer and/or wasting of assets subject to satisfying the Judgment is evident. For the Court's convenience, we have attached as Exhibit B the content of paragraph "b" of the prior proposed Interim Order as a separate Order.

We thank the Court for its attention to this matter.

Respectfully,

Joseph T. Roccanova

cc: Bing Li, Esq.
(via ECF)