

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KOON CHUN HING KEE SOY & SAUCE
FACTORY, LTD.,

                              Plaintiff,

-against-

STAR MARK MANAGEMENT, INC.,
GREAT MARK CORP., and
YI Q. ZHAN a/k/a JIMMY ZHAN,

                              Defendants.

-----------------------------------------------------------------X

Case No.: 04-CV-2293 (SMG)

Judgment Debtor:

Yi Q. Zhan a/k/a Jimmy Zhan
67-49 166th Street
Fresh Meadows, NY 11365

Star Mark Management, Inc.
67-49 166th Street
Fresh Meadows, NY 11365, and
1101 Metropolitan Avenue.,
Brooklyn, NY 11211

Great Mark Corp.
67-49 166th Street
Fresh Meadows, NY 11365, and
1101 Metropolitan Avenue.,
Brooklyn, NY 11211

**RESTRAINING NOTICE**

### THE PEOPLE OF THE STATE OF NEW YORK

To:    YI Q. ZHAN a/k/a JIMMY ZHAN, Judgment Debtor:
        67-49 166th Street
        Fresh Meadows, NY 11365

GREETINGS:

WHEREAS, in an action in the UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK, between KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD. ("Koon Chun"), as plaintiff, and STAR MARK MANAGEMENT, INC., and GREAT MARK CORP. and YI Q. ZHAN a/k/a JIMMY ZHAN, as defendants, the plaintiff and defendants being all the parties to the action, a

judgment was entered therein on the 8th day of January, 2010, in favor of Koon Chun, and against STAR MARK MANAGEMENT, INC., and GREAT MARK CORP. and YI Q. ZHAN a/k/a JIMMY ZHAN, Judgment Debtors, for the sum of $989,426.13 (the "Judgment"), of which $989,426.13, together with interest thereon compounded daily at the rate of .47% pursuant to 28 U.S.C. 1961 from the 8th day of January, 2010 remains due and unpaid;

TAKE NOTICE, that pursuant to Section 5222 (b) of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to remove, conceal, waste or in any way make, attempt to make or suffer any sale, assignment or transfer of, or any interference with, any and all of your real or personal property, including but not limited to, your interest in the premises at 67-49 166th Street, Fresh Meadows, NY 11365 (Borough: Queens, Block: 6920, Lot: 11); and your interest in any and all real or personal property of Star Mark Management, Inc. and/or Great Mark Corp, except for ordinary and necessary living expenses, and for payment of the above mentioned Judgment subject to plaintiff Koon Chun's agreement, for which you should keep a clear and detailed record, until the Judgment is fully paid and/or satisfied.

TAKE FURTHER NOTICE, that this notice also covers all property in which the judgment debtor(s) has/have an interest hereafter coming into your possession or custody, and all debts hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor(s).

TAKE FURTHER NOTICE, that this notice is in effect, and shall remain in effect, except upon direction of the sheriff or pursuant to court order, until the Judgment is fully paid and/or satisfied.

## Section 5522(b) of the Civil Practice Law and Rules

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

## YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);

2. Social security;

3. Public assistance (welfare);

4. Alimony or child support;

5. Unemployment benefits;

6. Disability benefits;

7. Workers' compensation benefits;

8. Public or private pensions; and

9. Veterans benefits.

10. Ninety percent of your wages or salary earned in the last sixty days.

11. Twenty-Five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your public assistance, worker's compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;

12. Railroad retirement; and

13. Black lung benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to

help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

TAKE FURTHER NOTICE, that disobedience of this restraining notice is punishable as a contempt of court.

Dated: New York, New York
March 10, 2010

YUEN ROCCANOVA SELTZER & SVERD P.C.

By: _____
Joseph T. Roccanova, Esq.
Attorneys for the Judgment Creditor
132 Nassau Street, Suite 1300
New York, New York 10038
Phone: (212) 608-1178
Facsimile: (212) 608-2913

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD.,

                Plaintiff,

   -against-

STAR MARK MANAGEMENT, INC.,
GREAT MARK CORP., and
YI Q. ZHAN a/k/a JIMMY ZHAN

                Defendants.

----------------------------------------------------------------------------X

CASE NO.
04-CV-2293
(SMG)

**Affidavit of service**

STATE OF NEW YORK:
               ss:
COUNTY OF NEW YORK:

    I, Kit Ling Huang, being sworn, say:

1. I am not a party to the action, am over 18 years of age and reside in Kings County, State of New York.

2. On March 10th, 2010 I served the within Restraining Notice by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, Certified Mail, Return Receipt Requested, within New York State, addressed to the following person(s):

    1)    YI Q. ZHAN a/k/a JIMMY ZHAN, Judgment Debtor:
           67-49 166th Street
           Fresh Meadows, NY 11365

                                                                     _/s/ Kit Ling Huang_
                                                                     Kit Ling Huang

Duly sworn to before me
this 10th day of March 2010.

_/s/_

WINNIE LEE
Notary Public, State of New York
No. 01LE6007469
Qualified in New York County
Certificate Filed in New York County
Commission Expires May 18, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KOON CHUN HING KEE SOY & SAUCE
FACTORY, LTD.,

              Case No.: 04-CV-2293 (SMG)
        Plaintiff,

  - against -

STAR MARK MANAGEMENT, INC.,
GREAT MARK CORP., and
YI Q. ZHAN a/k/a JIMMY ZHAN,

        Defendants.

## RESTRAINING NOTICE

Attorneys for Plaintiff
YUEN ROCCANOVA SELTZER & SVERD P.C.
132 Nassau Street, Suite 1300
New York, NY 10038
(212) 608-1178

To:              Service of a copy of the within
                is hereby admitted.

Signature (Rule 130-1.1-a)

              Dated:_____, ____

*Joseph F. Roccanova, Esq.*

PLEASE TAKE NOTICE:
 ( ) <u>NOTICE OF ENTRY</u>
 that the within is a (certified) true copy of a
 duly entered in the office of the clerk of the within named court on      20__

 ( ) <u>NOTICE OF SETTLEMENT</u>
 that an order          of which the within is a true copy
 will be presented for settlement to   one of the judges of the
 within named Court, at
 on    20__  at    AM.

Dated:          Yours, etc.

       YUEN ROCCANOVA SELTZER & SVERD P.C.