# YUEN ROCCANOVA SELTZER & SVERD P.C.

## Attorneys at Law

132 Nassau Street
Suite 1300
New York, N.Y. 10038
Phone:    (212) 608-1178
Facsimile: (212) 608-2913

Po W. Yuen
Veronica Yuen
Joseph T. Roccanova
Steven Seltzer
Peter E. Sverd

Long Island Office
149 Main Street
Huntington, N.Y. 11743
Phone:    (631) 239-5297
Facsimile: (631) 421-4483

E-mail: jroccanova@yrsslaw.com

June 4, 2010

**VIA ECF**
Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re: *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark
Management, Inc., et al.*
Case No.:  04-CV-2293 (SMG)

Dear Judge Gold:

We represent plaintiff, Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Koon Chun") with respect to the enforcement and execution of the $989,426.13 Judgment previously obtained in its favor against the defendants, and entered by the Clerk of the Court on January 8, 2010 (the "Judgment"). We write in reply to the June 2, 2010 letter of Bing Li, Esq., who has newly appeared for defendant, Yi Q. Zhan a/k/a Jimmy Zhan ("Mr. Zhan") after advising the Court that he did not represent Mr. Zhan, and in further support of our June 2, 2010 letter application to extend the terms of the Court's May 19, 2010 restraining order.

The purported procedural grounds for Mr. Li's opposition to the Court' May 19, 2010 restraining order are both erroneous, and frivolous. Mr. Li questions the Court's authority to issue a restraining order. CPLR § 5240 empowers the courts to exercise broad powers over the use of enforcement procedures to prevent prejudice, and unreasonable annoyance or expense to a party, including restraints on the transfer of real property. See, Ocino, Inc. v. Fromm, 276 A.D.2d 558, 716 N.Y.S.2d 860 (2nd Dept. 2000); Sanders v. Manufacturers Hanover Trust Co., 229 A.D.2d 544, 644 N.Y.S.2d 1017 (2nd Dept. 1996). The statute empowers the courts to intervene in the post-judgment remedy process on its own initiative, or on motion of any interested party.

Likewise, Mr. Li's contention that the Court's May 19, 2010 Order was issued without the notice required under CPLR §5222 that his client's property may be

exempted under certain conditions is untrue.  New York State procedure provides for the service of a restraining notice by a judgment creditor's attorney, by certified mail, restraining and forbidding a judgment debtor from avoiding paying a judgment by transferring or wasting its monies and assets.  CPLR §5222(a) and (b).  CPLR §5222(d) provides that a notice in the form of CPLR §5222(e) be mailed or personally delivered to the defendant at his residence address within four days of the service of the restraining notice *if a notice has not been given to the judgment debtor within a year before service of a restraining notice.* (emphasis added).  As we specifically pointed out in our moving papers, the restraining notice included the required statutory language of CPLR §5222 verbatim, and was served in strict accordance with the statutory procedure by certified mail on March 10, 2010.  (See, Docket No. 257-7, Roccanova Declaration, p. 4, <u>Exhibit F</u>).  The requirements of CPLR §5222 have been fully complied with.

The overriding concern of most courts ruling on CPLR §5222(e) notice is due process.  In *Cordius Trust v. Kummerfeld Associates, Inc.,* 658 F. Supp. 2d 512 (S.D.N.Y. 2009), the Court found:

> The cases that address the validity of restraining notices in the absence of § 5222(d) and (e) notice have primarily confronted situations where the restraining notice was served on a third-party garnishee…Under those circumstances, the failure to comply with § 5222(d) and (e) is fatal to the restraining notice since the judgment debtor may not find out that their assets are being restrained until several days, or even several weeks, after the fact and may not get an opportunity to assert statutory exemptions before the restraint becomes unduly burdensome. Here, the persons at issue are the judgment debtors themselves and not third-party garnishees…The Court finds that [defendants] had sufficient notice and opportunity to be heard with respect to the restraining notices or any exemptions that they may have wished to assert. Under the circumstances, a Notice to Judgment Debtor would not have provided [defendants] with any additional information and would therefore have been of little additional value. Thus, under the facts of the instant case, this Court finds that the requirements of due process are satisfied with respect to the… restraining notices and the notices are therefore valid and enforceable. *Id.* at 521.

Here, Mr. Zhan was given a hearing on May 18, 2010, the opportunity to seek legal advice and the opportunity to oppose the issuance of the restraining order, upon which his opposition was rejected.  The Court's May 18, 2010 ruling gave Mr. Zhan the opportunity to move to vacate or modify it by showing valid reasons, e.g. that a concerned asset was exempt from (or in danger of being compromised by) restraint.  Here, the effected assets do not fall under any categories of exemption under §5222(e) and neither Mr. Zhan nor Mr. Li have claimed that they do.  Furthermore, §5222 applies to notices issued by the clerk of the court or by the attorney for the judgment creditor as officer of the court, and in no way restricts the Court from issuing orders that it deems just.

The arguments posed by Mr. Li are totally without merit, and are devoid of any

valid ground for vacating or declining to extend the restraint contained in the Court's May 18, 2010 Order. Mr. Li's June 2, 2010 letter application should therefore be denied, and Koon Chun's June 2, 2010 letter application should be granted.

We thank the Court for its attention to this matter.

Respectfully,

/s/

Joseph T. Roccanova

cc:     Bing Li, Esq.
        (via ECF)