**LAW OFFICES OF BING LI, LLC**
ATTORNEYS AT LAW

1350 BROADWAY, SUITE 1001
NEW YORK, NY 10018-0947
TELEPHONE: (212) 967-7690
FACSIMILE:  (212) 658-9788

NEW JERSEY OFFICE
120 MOUNTAIN VIEW BOULEVARD
POST OFFICE BOX 509
BASKING RIDGE, NJ 07920
TELEPHONE: (908) 605-2120
FACSIMILE: (908) 605-2121

BING LI †    † MEMBER NY & NJ BARS
bli@blillc.com

June 4, 2010

**VIA ECF**
Hon. Steven M. Gold, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

      Re:    **Koon Chun Hing Kee Soy & Sauce Factory, Ltd.
v. Star Mark Management, Inc. et al.
Case No.: 04-cv.-2293 (JFB) (SMG)
(Supplementary Proceeding)**

Dear Judge Gold:

      My office represents Jimmy Zhan a/k/a Yi Q. Zhan ("Zhan") in connection with the above-referenced Supplementary Proceeding.  This letter is respectfully submitted in reply to Koon Chun's opposition (Doc. No. 263) to Zhan's application seeking to vacate the 5/19/10 Order.

      Koon Chun contends that "[t]he statute [CPLR 5240] empowers the courts to intervene in the post-judgment process on its own initiative, or on motion of any interested party."  However, "the purpose of CPLR 5240 is to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person of the courts" (Paz v. Long Island R.R., 241 A.D.2d 486, 487 (2d Dept. 1997) (citations omitted)), and it expressly refers to and makes CPLR 3104, Supervision of Disclosure, "applicable to procedures under this article."  The statute does not appear to authorize the Court to issue injunctions essentially identical to what is provided in the CPLR 5222 restraining notice, and the two cases relied upon by Koon Chun, Ocino and Sanders, do not hold otherwise.

      In any event, even the New York courts have the power to issue injunctions that are essentially identical to what is provided in the CPLR 5222 Restraining Notice, the 5/19/10 injunction order is unnecessary in light of the Restraining Notice Koon Chun appears to have already served.  Koon Chun fails to make any showing as to why the CPLR 5222 Restraining Notice is insufficient to restrain Zhan and why a virtually identical injunction order is indeed

Hon. Steven M. Gold, U.S.M.J.
June 4, 2010
Page 2

necessary. Violations of the restraining notice, just as an injunction order, will be publishable as a contempt of court pursuant to CPLR 5251. Therefore, the Court's 5/19/10 injunction order is unnecessary. See Corpus Juris Secundum (May 2010), § 89 (Injunction ineffectual or unnecessary) ("Usually, an injunction will not be granted if it is unnecessary, ineffectual, or unenforceable.")

       Therefore, the Court is respectfully requested to vacate the 5/19/2010 Order.

                                            Respectfully submitted,

                                            /s/
                                            Bing Li

cc:      Joseph T. Roccanova, Esq. (via ECF)
           Jimmy Zhan