LAW OFFICES OF BING LI, LLC
BING LI (BL 5550)
1350 BROADWAY, SUITE 1001
NEW YORK, NY 10018-0947
(212) 967-7690
ATTORNEYS FOR DEFENDANT-DEBTOR
JIMMY ZHAN A/K/A YI Q. ZHAN

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x
KOON CHUN HING KEE SOY & SAUCE        : 04 Civ. 2293 (JFB)(SMG)
FACTORY, LTD., a company
organized under the laws of           :
Hong Kong,
                                      :
            Plaintiff,
                                      :
   -against-
                                      :
STAR MARK MANAGEMENT, INC., a
New York corporation; GREAT MARK      :
CORPORATION, a New York
corporation; JIMMY ZHAN, an           :
individual (a/k/a Yi Q. Zhan);
and JOHN DOES 1 through 10,           :

            Defendants.               :
------------------------------------x

**NONPARTY MOVANTS' MEMORANDUM OF LAW
IN REPLY TO JUDGMENT CREDITOR'S
OPPOSITION TO AND IN FURTHER SUPPORT
<u>OF MOTION TO QUASH/MODIFY SUBPOENAS</u>**

The Nonparty Movants respectfully submit this Memorandum of Law in Reply to Koon Chun's opposition to and in further support of their motion to quash/modify certain subpoenas identified in the opening moving papers.

The Court is respectfully requested to grant the motion because Koon Chun has failed to show that there were any transfers or even suspected transfers of assets from Zhan and the other judgment debtors to his family members and to a non-party corporation that would otherwise warrant disclosure of the assets (and liabilities) of the Nonparty Movants. Specifically, the Court is requested to consider the following:

> **A. Koon Chun's opposition is devoid of any concrete proof of any transfer of judgment debtors' assets and is replete with wrongful and unjustified accusations against the debtors and their counsel.**

Koon Chun's representation to the Court that "[t]he evidence shows that assets have been fraudulently transferred from Mr. Zhan and his alter ego companies to Jessica Yang and G.K. Exotic Inc." is nothing but a bold and bare assertion. (Koon Chun Opp. at 1) The factual representation is not supported by any concrete proof of any transfers of the debtors' assets that would justify Koon Chun's wrongful intrusion of the legally protected personal

- 1 -

privacy of the Nonparty Movants and interference with their due process rights.

The Declaration of Raymond Chan ("Chan Decl.") and Declaration of Joseph T. Roccanova ("Roccanova Decl.") do not identify any specific transfers of assets by the debtors or even suspected transfers. Indeed, Mr. Chan was wrong to state that Zhan's wife, Jessica Yang, even testified at trial (Zhan Decl., ¶ 5) because she did not, as a matter of fact. In any event, those "facts" cited in the Declarations of Chan and Roccanova respectively, including some that this Court relied on in finding Zhan willfully used a counterfeit trademark in the underlying action, are irrelevant to whether or not Koon Chun may be allowed to discover the assets of the Nonparty Movants.

The infirmities of its submission are particularly telling after Koon Chun has received large amount of documents from various subpoenaed financial institutions and accounting firm of both debtors' and Jessica Yang's financial information. (Roccanova Decl., ¶ 5) Koon Chun does not submit anything from the disclosure to make any additional showing of any transfers of assets by the debtors to the Nonparty Movants. The disclosure of the short-lived New York First Management Inc. (KC Opp. at 8) also appears immaterial because Zhan and the debtor corporation do not

challenge the subpoenas in any aspect and this motion would not have impeded the disclosure of the corporation in any event.  It is entirely untrue that "Citibank has advised that it is awaiting determination of Mr. Zhan's within motion before providing additional bank records regarding these companies" (id.) because (1) the within motion is not Mr. Zhan's, (2) Citibank has provided the incorporation records of New York First Management Inc. and its bank statements.

The following lists Koon Chun's most outrageous and vicious accusations against Zhan and his counsel:

- That Zhan and his attorney hid assets, delayed their identification, and employed tactics designed to frustrate Koon Chun's rightful efforts to identify them.  (Roccanova Decl., ¶ 4)  In fact, Zhan appeared in the proceeding without counsel until about 2 months after Koon Chun filed its premature and improper motion to hold Zhan in contempt of court and the subsequent timing of Zhan's responses to Koon Chun's information subpoenas was either approved by the Court or within the statutory prescribed time.

- That Zhan provided vague and evasive responses to Koon Chun's information subpoenas. (Id., ¶ 7)  In fact, Zhan has painstaking answered 301 questions contained in a series of information subpoenas including many objectionable ones.  In any event, having not sought attention of this Court as to Zhan's compliance in answering the questions, Koon Chun should not be heard in this context that Zhan provided vague and evasive responses.

- 3 -

- That Zhan has "evasive and obstructive intent" in making the present motion to quash/modify the subpoenas. (Id.,¶ 8)  In fact, this motion is being made by the non-parties and Zhan and the corporation debtors do not challenge the subpoenas in any aspect.  The motion is made based on existing legal authority protecting non-parties' financial information.

- That "Zhan intends to continue employing every trick in the book to hid assets and dodge Koon Chun's Judgment execution." (Id., ¶ 13).  What tricks Zhan is employing now and what tricks Zhan has employed?

- That Zhan and his attorney will incur "another substantial judgment against them for attorneys fees" in connection with the Court's finding of Rule 11 violation in a related action, Star Mark v. Koon Chun.  (Koon Chun Opp. at 11)  Koon Chun's reference to the Rule 11 proceeding is ill-intended.  That proceeding has nothing to do with the issue raised on this motion, i.e., whether or not Koon Chun has the right to seek disclosure of the Nonparty Movants' own assets.  The thinly-veiled motivation in Koon Chun's use of that proceeding is for this Court to impugn the Nonmoving Party's intention and their counsel's advocacy in making the instant motion, and to further intimidate and threaten Zhan and his counsel, as Mr. Roccanova has repeatedly done in the past two months since counsel appeared for Zhan in this proceeding.  The reference to that proceeding is particularly disheartening as counsel has made Mr. Roccanova aware of the procedural defects and reasoning flaws underlying the ruling, to which he has expressed his understanding.  Therefore, the Court is respectfully requested to disregard Koon Chun's reference to the Rule 11 proceeding in considering the present motion.

> **B. Koon Chun is not entitled to the disclosure of the Nonparty Movants' assets and liabilities.**

The D'Avenza and Jacobson holdings are compelling authority for this Court to find that the subpoenas as challenged are improper, at least at this juncture when Koon Chun has not establish that Zhan and other corporation debtors made transfers or even "suspected transfers" of any assets to Zhan's family members and other nonparty corporation. D'Avenza, 1998 WL 13844, at * 4("regardless of whether such information relates to or may be said to be reasonably related to the judgment debtor, its assets, or suspected transfers of its assets"); Jacobson, 2007 WL 1989260, at * 1 ("non-parties 'cannot be required to disclose their own assets'").

Unable to distinguish the D'Avenza and Jacobson cases from the one before the Court, Koon Chun seeks to confuse the very obvious.

Koon Chun states that that Jacobson Court "compelled the non-party corporations to comply with information subpoenas to the extent that hey concerned suspected transfers of the judgment debtors' assets." (Koon Chun Opp. at 4) This misstates the holding of the case. There, the Court directed nonparty corporations to respond to information subpoenas only **after** it struck Questions Nos.

- 5 -

2(C) and 2(D) as "inappropriate since they request the revenue and operating profit/loss of the third party corporations for the last three years." Jacobson, 2007 WL 1989260, at * 2. Obviously, the Nonparty Movants' instant motion does not question Koon Chun's right to seek information relating to the debtors' assets and their respective obligation to comply with any properly served disclosure devices in that regard.

Koon Chun's own re-statement of the D'Avenza holding, that "the Court approved the plaintiff/judgment creditor's document request to a non-party, and only limited the discovery to that which appeared reasonably related to ascertaining the status or whereabouts of the judgment debtor's assets" (Koon Chun Opp., at 5), sufficiently defines the impropriety of its subpoenas in question on this motion. These subpoenas seek the specific and targeted information regarding the assets of the Nonparty Movants and Koon Chun's subpoenas do not even attempt to "limit" the scope of disclosure to "ascertaining the status or whereabouts of the judgment debtor's assets." Again, obviously, Koon Chun cannot find anything "relating to the status or whereabouts" of Zhan's or the other corporation debtors' assets by rummaging non-parties' financial records. The debtors have not challenged the subpoenas in any aspects

- 6 -

and Koon Chun will receive the debtors' financial records in due course. "While discovery may yet reveal facts sufficient to warrant disclosure of [non-parties' assets], at this juncture, those questions are beyond the scope of what is relevant to satisfy the judgment." Jacobson, 2007 WL 1989260, at * 2.

In Point II of its Opposition, Koon Chun continues to confuse the obvious and obfuscate the issue by relying on Star Mark's tax returns showing Zhan's wife was the 100% shareholder. However, Zhan explained to the Court at trial that putting his wife's name in Star Mark's tax returns was an error and was not intended and that his wife was not a shareholder of Star Mark. The Court did not specifically rule on the issue. Therefore the shareholder's information on Star Mark's tax returns is not conclusive.

Even if there is no dispute that Yang was a 100% shareholder of Star Mark, that status, in and by itself, does not convert a non-party Jessica Yang into a judgment debtor and Yang will enjoy the same protection commensurate with a non-party. Indeed, most of Koon Chun's contentions made in that regard were squarely rejected by the D'Avenza court. In D'Avenza, 1998 WL 13844, at * 4, the Court limited and modified plaintiff's document request served on Anderson, an officer and sole shareholder of debtor

corporation Garrick but not a debtor himself, "to permit disclosure of those of Anderson's and Garrick's documents which appear to be reasonably related to ascertaining the status or whereabouts of Garrick's assets."

In Point III of its Opposition, Koon Chun's contention that there will be no harm to require Zhan's children and his parents-in-law to disclose information about their respective assets because Zhan has stated that these family members do not have assets.  However, the stated "rationale" for this contention--to verify whether Zhan has truthfully or untruthfully identified these family members' assets (or lack thereof)--runs afoul of the express purpose of CPLR 5223.  In any event, Koon Chun fails to rely on any legal authority to support the contention, and the contention is frivolous.

**CONCLUSION**

For the reasons stated in the foregoing, the Court is respectfully requested to quash the subpoenas or modify them as the Court deems appropriate.

Respectfully submitted,

Dated: New York, New York
August 6, 2010

LAW OFFICES OF BING LI, LLC
ATTORNEYS FOR JUDGMENT DEBTOR
JIMMY ZHAN A/K/A YI Q. ZHAN

BY: /s/
BING LI (BL 5550)
1350 BROADWAY, SUITE 1001
NEW YORK, NY 10018-0947
(212) 967-7690