UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KOON CHUN HING KEE SOY & SAUCE
FACTORY, LTD.,

                        Plaintiff,

        -against-                                ORDER
                                                            CV-04-2293 (SMG)
STAR MARK MANAGEMENT, INC.,
GREAT MARK CORP., and YI Q. ZHAN,

                        Defendants.
-----------------------------------------------------------X
Gold, S., *United States Magistrate Judge*:

## Introduction

      Non-parties Jessica Yang, a/k/a Yang Xiao Geng ("Yang"), Michael Zhan, Edmund Zhan, Yan Zhang Yang, and Yu Mei Zhao, all family members of defendant Yi Q. Zhan, and G.K. Exotic, Inc., a non-party corporation solely owned by Yang (collectively, the "non-party movants"), move to quash or modify various subpoenas duces tecum served by plaintiff Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("plaintiff" or "Koon Chun"). The twelve subpoenas at issue were served on banks, securities firms, and an accounting firm seeking documents with respect to each of the above named non-parties. For example, the subpoenas addressed to banks ask for all documents pertaining to deposits, investments, loans, mortgages, credit cards and accounts in the name of any of the various non-parties, and the subpoena addressed to an accounting firm seeks, among other things, the non-parties' tax documents. *See* Li Decl., Docket Entry 268, Ex. A.

      Plaintiff served the disputed subpoenas in an effort to identify assets available to satisfy a judgment entered on January 8, 2010 in its favor and against all defendants in the amount of

$989,426.13. *See* Docket Entry 250. Defendants have not paid any portion of the judgment to date and have continuously refused to comply with plaintiff's payment demands. *See* Order dated June 15, 2010, Docket Entry 265. Although the non-parties' motion is partially moot in light of the fact that some of the financial institutions have already responded to the subpoenas, I address the motion with respect to those institutions that have not yet provided the requested documents.

Discussion

Federal Rule of Civil Procedure 69(a)(2) provides that a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." New York Civil Practice Law and Rules ("C.P.L.R.") Section 5223 provides that "[a]t any time before a judgment is satisfied . . . the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena . . . ." Although the scope of permissible discovery is thus generously defined, a judgment creditor invoking the rule must still demonstrate that the discovery sought "is relevant to the judgment debtor's income and property." Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5223:2. In other words, discovery of non-parties under section 5223 must be specifically tailored to reveal facts about the judgment debtor's hidden assets. *See, e.g.*, *Jacobson v. Moller & Moller, Inc.*, 2007 WL 1989260, at *1 (E.D.N.Y. July 5, 2007). Accordingly, while a judgment creditor "is entitled to examine third parties to determine if a judgment debtor has concealed or transferred assets applicable to satisfying its judgment . . . non-parties cannot be required to disclose their own assets." *Id.* (internal citations and quotation marks omitted).

1. Jessica Yang & G.K. Exotic, Inc.

Zhan claims he does not own any assets, apart from his interest in his home, and that he does not have a bank account. *See, e.g.*, Pl. Decl. Ex. A at 2-8.[1] He further claims that Yang, his wife, pays their family's living expenses. *See id*. Ex. D at 7. Plaintiff counters that Zhan has hidden his assets by making fraudulent transfers to his wife and to various companies owned by the two of them. As discussed below, plaintiff relies upon inconsistencies between Zhan's trial and deposition testimony, various documents, and Zhan's responses to plaintiff's information subpoenas to demonstrate Zhan's propensity to hide his assets and the intermingling of assets among Zhan, Yang, and their companies. *See* Pl. Opp. Mem. at 5-10, Docket Entry 270-3.

Plaintiff first asserts that, although Zhan testified at trial that Yang did not have any ownership interest in defendant Star Mark, Star Mark's tax returns from 2001 through 2004 indicate that Yang owned 100% of Star Mark's stock. *See* Pl. Decl. Ex. O (trial transcript), Exs. P & Q (tax returns). Second, plaintiff notes that Yang formed G.K. Exotic in October or December of 2006, *id*. Ex. E at 2, around the same time that Zhan closed two of his companies, Great Mark and Great Kingsland, *id*. Ex. A at 5, Ex. D at 2. In response to plaintiff's information subpoenas, Zhan stated that G.K. Exotic was a new company that did not acquire any assets from a previously existing company. *Id*. Ex. E at 2. Plaintiff, however, argues that other evidence suggests a connection between G.K. Exotic, Great Mark and Great Kingsland, as follows: 1) Zhan has claimed that he does not have any financial documents relating to any of his companies, *see, e.g.*, *id*. Ex. A at 17, Ex. D at 6; 2) G.K. Exotic is engaged in businesses similar

---

[1] "Pl. Decl." refers to the Declaration of Exhibits to Plaintiff's Opposition to Motion to Quash, Docket Entry 272. Exhibits A through R were filed with the court under seal.

to those of Zhan's previous companies, *id*. Ex. A at 9, Pl. Opp. Mem. at 8; and 3) Zhan is now an employee of G.K. Exotic, Pl. Decl. Ex. A at 4, Ex. D at 2. I note in addition that, according to Zhan, he is paid by G.K. Exotic in cash. Pl. Decl. Ex. A at 4. Plaintiff also points out that Zhan has a history of changing the names and transferring assets among his companies. Pl. Decl. Exs. T & U. Finally, plaintiff asserts that Citibank, in response to one of plaintiff's subpoenas, identified a corporation with respect to which Zhan and Yang are the sole authorized signatories, but which Zhan failed to identify in response to plaintiff's information subpoenas or during his deposition. Pl. Opp. Mem. at 8.

Although the subpoenas seek broad information about Yang's and G.K. Exotic's assets, plaintiff has demonstrated a sufficient relationship between Zhan, his wife and their various companies, and a lack of candor on the part of Zhan with respect to his business activities and Yang's interest in his businesses, to warrant such discovery. Given Zhan's unwillingness to satisfy the judgment or to provide consistent, complete information about his finances, even the broad discovery sought is relevant to the identification of assets that might be available to satisfy the outstanding judgment. Accordingly, the motion to quash with respect to Yang and G.K. Exotic is denied.

2.     <u>Michael Zhan, Edmund Zhan, Yan Zhang Yang & Yu Mei Zhao</u>

Michael and Edmund Zhan are the minor children of Zhan and Yang. Yan Zhang Yang and Yu Mei Zhao are Yang's parents. Plaintiff contends that the information with respect to these non-parties is relevant because they all live in the same house as Zhan and Yang and are members of their immediate family. Plaintiff argues that, given the evidence of likely fraudulent transfers between Zhan and Yang, and Zhan's history of lying under oath, "it is beyond

4

reasonable doubt that Mr. Zhan also transferred assets to those immediate family members and is eager to hide such transfers." Pl. Opp. Mem. at 10. Zhan contends that these non-parties do not have any assets. *See, e.g.*, Movants' Reply at 8, Docket Entry 271.

In contrast to its showing with respect to Yang, plaintiff has not presented any evidence warranting such broad discovery. For example, plaintiff has pointed to no evidence indicating that any of these non-parties had an interest in any of Zhan's businesses, that they own businesses from which Zhan derives income, or that any of them received any assets from any of the defendants at any time. I note that plaintiff has been unable to present such evidence despite having received responses to its subpoenas, before the pending motion was filed, from several of the financial institutions it served. *See* Pl. Decl. ¶ 5.

"Generally, non-parties may only be examined about the assets of a judgment debtor and cannot be required to disclose their own assets." *Costomar Shipping Co. v. Kim-Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995). Absent any evidence of transfers of assets to these non-parties, the demands for information with respect to them are overly broad and not "limited to a search for the defendant's hidden assets." *Id*. Accordingly, the motion is granted with respect to the discovery demands concerning Michael and Edmund Zhan, Yan Zhang Yang, and Yu Mei Zhao. I make this ruling, however, without prejudice to plaintiff's right to seek asset discovery of these non-parties if there is any evidence of direct or indirect transfers of relevant assets from Zhan, Yang or any of their companies, to any of these non-parties, or if any other evidence is developed that renders the discovery plaintiff seeks relevant to locating defendants' assets. *See Jacobson*, 2007 WL 1989260, at *2.

Conclusion

For the reasons discussed above, the motion to quash the subpoenas with respect to information sought pertaining to Yang and G.K. Exotic, Inc., is denied. The motion is granted with respect to information sought pertaining to Michael Zhan, Edmund Zhan, Yan Zhang Yang and Yu Mei Zhao. This ruling is made without prejudice to plaintiff's right to seek discovery of financial information pertaining to Michael Zhan, Edmund Zhan, Yan Zhang Yang and Yu Mei Zhao upon presenting additional evidence of its relevance.

**SO ORDERED.**

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated:   Brooklyn, New York
         September 22, 2010