# YUEN ROCCANOVA SELTZER & SVERD P.C.
## Attorneys at Law

132 Nassau Street
Suite 1300
New York, N.Y. 10038
Phone:    (212) 608-1178
Facsimile: (212) 608-2913

Po W. Yuen
Veronica Yuen
Joseph T. Roccanova
Steven Seltzer
Peter E. Sverd

Long Island Office
149 Main Street
Huntington, N.Y. 11743
Phone:    (631) 239-5297
Facsimile: (631) 421-4483

E-mail: jroccanova@yrsslaw.com

November 30, 2010

**VIA ECF**
Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

> Re: *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Management, Inc., et al.*
> Case No.:  04-CV-2293 (SMG)

Dear Judge Gold:

We represent Plaintiff, Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Koon Chun") with respect to the enforcement and execution of the $989,426.13 Judgment previously obtained in its favor against the Defendants, and entered by the Clerk of the Court on January 8, 2010 (the "Judgment").  We respectfully submit this letter memorandum of law in reply to the November 19, 2010 opposition of Defendants' attorney to Koon Chun's pending letter application seeking an Order, pursuant to Fed. R. App. P. 7, directing Defendants to post two bonds to ensure payment of Koon Chun's costs in defending against Defendants' two pending appeals.  In attempting to oppose Koon Chun's motion, Defendants assert arguments as frivolous as the purported grounds for their underlying appeals.

## DEFENDANTS' APPEALS AND OPPOSITION ARE DEVOID OF MERIT

### THE BOND REQUIREMENT FOR THE FIRST APPEAL IS TIMELY

Admitting that FRAP 7 does not contain a deadline for Plaintiff's motion, and citing no supporting statute or case law to support their position, Defendants unreasonably claim that there is an implicit deadline.  There is no deadline for the filing of a Rule 38 motion. *See, Fluoro Electric Corp. v. Brandford Associates*, 489 F.2d 320,

326 (2d Cir. 1973) (granting motion of July 24, 1973 under Rule 38, raised after dismissal of the appeal on July 26, 1973, when the appellate court was silent on the issue of damages and costs under Rule 38).   Likewise, there is no deadline for moving to dismiss the pending case due to Defendants' refusal to file a *Rule 7* bond.  FRCP *Rule 42(b)* gives parties the right to stipulate to the dismissal of an appeal, but only if they specifying how costs and fees are to be paid.  FRCP *Rule 42(b)* has nothing to do with a motion pursuant to FRAP *Rule 7*.   Contrary to Defendants' contentions, the stated purpose of FRAP *Rule 7* is "to ensure payment of costs on appeal" where there is a risk that an unsuccessful appellant will not pay the appellee's costs.  *In re Initial Pub. Offering Secs. Litig.,* 2010 U.S. Dist. LEXIS 62968 *5-6, 2010 WL 2884794 *1 (S.D.N.Y. 2010).  Defendants do not deny the existence of such a risk in this case.  Thus, the request that Defendants be required to post a bond "to protect the rights of appellees brought into appeals court by … appellants" who "pose a payment risk", *Tri-Star Pictures, Inc. v. Unger,* 32 F. Supp. 2d 144, 147 (S.D.N.Y. 1999), *aff'd* 198 F. 2d 235, 1999 U.S. App. LEXIS 25098 (2d Cir. 1999), citing *Adsani v. Miller,* 139 F.3d 67, 75 (2d Cir. 1998), is timely.

## THE FIRST APPEAL IS MERITLESS

In your Honor's May 21, 2009 Order (Docket #222 at p. 14), your Honor addressed the lack of merit to Defendants' purported basis for their first appeal, 10-483, citing the leading authority for the well-established rule that the Courts are to apply a preponderance of the evidence standard when determining a defendant's willfulness in violating the Lanham Act, and not a clear and convincing evidentiary standard as Defendants contend.  Like the cases previously relied on by Defendants, the Court in *Twin Peaks Productions, Inc. v. Publications Int'l, Ltd.,* 996 F.2d 1366, 1383 (2d Cir. 1993) (where defendants' book violated the copyright and trademark of plaintiff's TV program) did not apply, or even suggest, that clear and convincing evidence of willfulness is required, as Defendants postulate, in a counterfeiting case where 15 U.S.C. 1117(b) applies.  Clearly, Defendants seek to promulgate their own standards of review, and to substitute them for established controlling law.

Even if Defendants were successful in their frivolous argument that the standard should be clear and convincing, this would not change the outcome of your Honor's Judgment because your Honor clearly stated that "the proof adduced by plaintiff would satisfy even a clear and convincing evidence standard.   The record here amply demonstrates defendant's intentional trafficking in counterfeit goods.  In particular, the evidence establishes that Zhan was personally involved in the counterfeiting of Koon Chun hoisin sauce." (Docket #222 at p. 15).  Your Honor, after describing the evidence supporting a finding of intentional trafficking in counterfeit goods, again ruled, "[f]or all these reasons, I found that plaintiff has established, even by clear and convincing evidence, that defendants acted willfully in violating the Lanham Act..." (*Id.* at p. 19).  Defendants' argument is merely an academic exercise that will not change the outcome of the judgment.  The appeal on the appropriate standard is frivolous because it is not a meritorious ground for appeal.

Likewise, the appeal on the award of attorney's fees has no ground.  Defendants

cite no statutory authority or case law to support their baseless assertion that your Honor's mandatory award of attorney's fees pursuant to 15 U.S.C. 1117(b), after finding that Defendants willfully counterfeited Koon Chun's trademark, was erroneous. The appeal on the attorney's fees is frivolous because there is no meritorious ground for appeal.

## DEFENDANTS OFFER NO EVIDENCE OF FINANCIAL INABILITY TO POST A BOND

Defendants offer no evidence of a financial inability to post a bond, thus waiving their right to consideration of such in deciding whether a bond should be posted. Instead, Defendants attempt to shift their burden of presenting such evidence to Koon Chun. The substantial efforts taken by Defendants to avoid paying any portion of the judgment against them (and the costs of any related appeal), while simultaneously engaging a new and seemingly more seasoned attorney instead of their then existing attorney, and paying their lawyers to pursue frivolous appeals demonstrates only their unwillingness to pay - not an inability to pay.

## KOON CHUN WOULD NOT CROSS-APPEAL IF DEFENDANTS DID NOT APPEAL

Defendants' argument that Koon Chun incurred cost on its cross-appeal is likewise irrelevent. The record of the appeal process in the Appellate Court, as well as docket entries # 251-252 in this Court, shows that Koon Chun did not appeal at the expiration of the appeal deadline, and only cross-appealed upon learning that Defendants appealed. Koon Chun did not initiate the appeal, but was merely reacting to the unreasonable acts of Defendants. Koon Chun has valid grounds for its cross-appeal, the costs and attorneys' fees of which, if successful, can be awarded under 15 U.S.C. 1117(b). There is no valid reason to discount the *Rule 7* bond amount base on Koon Chun's cross-appeal.

## THE SECOND APPEAL IS ALSO MERITLESS

For the reasons set forth in the transcript of the proceedings held before your Honor on October 8, 2010 [Docket # 279, which we fully incorporate herein by reference, and which we fully incorporated in attachment 2, Form C attached to Koon Chun's letter motion for *Rule* 7 bond (Docket # 281)], neither Defendants, nor non-parties Jessica Yang (Defendant Jimmy Zhan's wife) and G.K. Exotic Inc. (Jessica Yang's wholly owned company), have any right or standing to pursue the second appeal (10-4223) filed on October 19, 2010. In declining to consider Defendants' prior motion for reconsideration of the order underlying the second appeal, your Honor already addressed the blatant frivolity of the very grounds upon which their appeal, and their opposition to Koon Chun's within motion, are premised.

Even if Jessica Yang and G.K. Exotic Inc. had any right to initiate an independent appeal, the issues proposed to be raised on appeal, as outlined in Defendants' Addendum B to Form C, have no merit. Defendants' refusal to acknowledge that the underlying order concerns only a discovery proceeding mandated by the Federal Rules of Civil Procedure, and not an independent corporate veil-piercing action, lends no credence to their claim that discovery pursuant to FRCP 69(a)(2) and CPLR Section 5223 requires an

independent jurisdictional basis. The cases pertaining to independent jurisdiction over separate actions alleging corporate-veil piercing on which Defendants rely simply do not apply as no such independent action has been commenced, as clearly explained by your Honor during the October 8, 2010 conference (transcript Docket # 279 at 3:2-17, 5:6-6:14, 7:3-23). Moreover, the "non-parties" voluntarily submitted to this Court's jurisdiction in bringing their underlying quash motion, and cannot now assert a jurisdictional argument for the first time on appeal simply because they are not satisfied with the results of their own motion.

### JESSICA YANG IS A RELATED PARTY AND NOT EXACTLY A NON-PARTY

As noted in Koon Chun's Memorandum of Law in Opposition to the Motion to Quash (Docket # 270 pp. 5-10) and in your Honor's Order denying in part the Motion to Quash (Docket #275 pp. 3-4), Jessica Yang is the wife of Defendant, Zhan and the 2001-2004 tax returns of Defendant, Star Mark indicate that Ms.Yang owned 100% of Star Mark's stock. G.K. Exotic, which also claimed 100% ownership by Ms. Yang, is engaged in businesses similar to those of Defendant, Zhan's previous companies. Defendant, Zhan is now an employee of G.K. Exotic and is paid in cash. Defendant, Zhan claims that he does not have any financial documents relating to any of his companies, and that Ms. Yang is paying for the family's living expenses and the cost of the appeals. In deciding the motion to quash, your Honor ruled:

> [A]lthough the subpoenas seek broad informaton about Yang's and G.K. Exotic's assets, plaintiff has demonstrated a sufficient relationship between Zhan, his wife and their various companies, and a lack of candor on the part of Zhan with respect to his business activities and Yang's interest in his business, to warrant such discovery. Given Zhan's unwillingness to satisfy the judgment or to provide consistent, complete information about his finances, even the broad discovery sought is relevant to the identification of assets that might be available to satisfy the outstanding judgment. Accordingly, the motion to quash with respect to Yang and G.K. Exotic is denied.

Defendants did not address any of the above fundamental findings in their appeal, but seek to overturn this Court's ruling based on frivolous new grounds.

### DEFENDANTS' BAD FAITH

Defendants' assertion that there is no showing of bad faith and that their appeal is not purposed to harass Koon Chun or to cause it to abandon its claims against Defendants is betrayed by the history of their own actions in this case. Your Honor, having presided over this case since 2005, must be familiar with the uncooperative and questionable legal tactics employed by Defendants throughout the life of this matter. As your Honor ruled in partially granting Koon Chun's prior Motion for Attorneys' Fees (Docket # 249, pp. 12-13):

> [S]ubtantial time was expended because of defendants' own actions. *See,*

4

*e.g., Landmark Chems., SA. v. Merrill Lynch & Co.,* 234 F.R.D. 62, 64 (S.D.N.Y. 2005) (noting that plaintiff bore some responsibility for protracting the proceedings, which justified, in part, the reasonableness of the hours expended by interpleader). I have previously found that defendants' "business practices and conduct prior to and throughout the litigation suggest an attempt to conceal infringing activity." M&O 18. For example, plaintiff's efforts to conduct discovery were complicated by defendants' failure to keep certain paper records for time periods required by the IRS and their alternation of certain electronic sales records, making the volume of defendants' infringing sales far more difficult to determine. M&O 18. In part as a result of defendants' conduct during discovery, more than ten pre-trial conferences and motion hearings were required before this case was ready for trial. On one occasion, I was compelled to direct that defendants' attorney refrain from making baseless attacks upon the integrity of plaintiff's counsel. Minute Entry for telephone conference held on February 28, 2006. Similarly, on another occasion, I determined it necessary to alert defendants that, in my view, they were not construing plaintiff's discovery demands in good faith or responding to them responsibly, and their recalcitrance was leading to burdensome motion practice. Transcript of Discovery Conference dated Apr. 29, 2005, Docket Entry 221, at 11, 21. For these reasons, and because plaintiff obtained injunction relief as well as monetary damages, the large amount of fees sought relative to the dollar amount recovered is not a basis for a reduction in fees.

Defendants also frivolously filed another lawsuit (07-civ-3208) against Koon Chun, which was subsequently dismissed upon motion by Koon Chun. Defendants and their counsel were found to have violated Rule 11, but Koon Chun was only awarded one-tenth of the amount recommended by your Honor. Even after your Honor's Judgment in the case at bar, Defendants continued their questionable legal practices. Defendants did not post any bond or pay any amount awarded, but filed a frivolous appeal (10-483), as discussed above. Defendants also refused to cooperate in responding to Koon Chun's information subpoena, forcing this Court to issue an order, dated April 23, 2010, compelling Defendants to respond and to show cause why they should not be held in contempt. Defendants then unreasonably filed a motion to quash Koon Chun's subpoenas (Docket # 267). When their motion to quash was denied, Defendants unnecessarily and frivolously filed a motion for reconsideration, in the form of an emergency motion for an order to show cause, and, upon denial of that motion, filed the frivolous second appeal (10-4223).

Defendants paid nothing on the Judgment awarded by this Court, but continued to unnecessarily impose additional legal expense upon Koon Chun, and persisted in unnecessarily burdening this Court and the Appellate Court with meritless appeals. Defendants' consistently questionable and improper legal practices suggest nothing but bad faith, and must be stopped. Defendants should not be permitted to hide under their transparent claimed inability to pay, or to continue their frivolous legal practices without cost. It is respectfully requested that Koon Chun's motion seeking the required posting of

*Rule 7* bonds be granted.

## THE COSTS OF THE APPEALS

As this Court has already found that Defendants willfully counterfeited Koon Chun's trademark (Docket # 222 p. 19), has already found this to be an "exceptional case" and has already found an award of attorney's fees to be mandatory (*Id.* p. 23), Koon Chun's attorneys fees should properly be considered in determining the amount of the security bond required of Defendants pursuant to FRCP *Rule 7* on appeal number 10-483. *Tri-Star Pictures, Inc. v. Unger,* 32 F. Supp. 2d 144, 150 (S.D.N.Y. 1999), *aff'd* 198 F. 2d 235, 1999 U.S. App. LEXIS 25098 (2d Cir. 1999); *Adsani v. Miller,* 139 F.3d 67, 74-76 (2d Cir. 1998). Moreover, as the driving force behind, and a joined party to, appeal number 10-4223, Defendants should also be required to post a bond for that appeal.

Koon Chun has already incurred costs and attorneys fees of over $100,000 in connection with appeal number 10-483, as evidenced by the billing records filed separately under seal for this Court's in camera review. Base on the amount billed and the activities to-date, Koon Chun anticipates that the total costs and attorneys' fees for appeal number 10-483 will be approximately $130,000. Based upon the costs incurred in appeal number 10-483, and the fact that equally voluminous records must be presented to the Court of Appeals showing the bad faith history of unreasonable legal practices by Defendants and their counsels, Koon Chun anticipates expending costs and attorneys fees of approximately $50,000 in connection with appeal number 10-4223.

In opposing Koon Chun's within motion, neither the Defendants nor the non-parties have made any showing of an inability to post the $130,000 bond requested by Koon Chun for appeal number 10-483, or the $50,000 bond requested by Koon Chun for appeal number 10-4223 and have waived their rights to do so. Koon Chun maintains its request that the Court issue an Order directing Defendants to immediately post bonds in said amounts for each respective appeal.

The posting of the bonds will not prejudice Defendants if, as they claim, their appeals have merit. If they prevail on their appeals, their bonds will be recovered. However, if the appeals are found frivolous, as Koon Chun contends, the bonds will ensure the protection of Koon Chun's right to recover the costs it deserves to recover.

We thank the Court for its attention to this matter.

Respectfully,

Joseph T. Roccanova

cc:   Carolyn Shields, Esq.
      (via ECF)